JUDGE LINDSAY
delivered the opinion oe the court.
At the September term, 1871, of the Bath Circuit Court Fielding Green recovered a judgment against N. R. Jones for the sum of $1,042.33, with interest and costs. Jones prosecuted an appeal from said judgment to this court, and on the 2d day of October, 1871, executed before the clerk of the circuit court a bond, conditioned according to the provisions of section 887 of the Civil Code of Practice, with the appellants D. C. Jones and George W. Traylor as his sureties. Upon the hearing of the appeal the judgment of the circuit court was affirmed.
This action was instituted to recover upon the bond just mentioned.
After stating the foregoing facts and setting out the bond in full, the appellee averred that it was duly executed, and was approved and accepted by the clerk, and that Jones, the judgment debtor, “thereby procured a supersedeas from said clerk superseding plaintiff’s said judgment.” He prayed for judgment against the appellants for the amount of the judg *129 ment so alleged to have been superseded, and also for the ten per centum damages awarded by this court upon its judgment of affirmance.
Appellants filed an answer that was clearly defective. A demurrer thereto was sustained, they failed to plead further, and judgment was rendered against them. They have appealed to this court, and insist that the demurrer should have been carried back to the petition. Hence the inquiry is whether the petition set out facts constituting a cause of action?
Section 888 of the Civil Code provides that “ where the appeal was granted by the court rendering the judgment or order, and the bond is executed within thirty days thereafter before the clerk of such court, the supersedeas shall be issued by such clerk; in all other cases it shall be issued by the clerk of the Court of Appeals.”
The petition before us shows that the supersedeas in the case of Green v. Jones was issued, if at all, by the clerk of the court in which the judgment was rendered; but it utterly fails, either by direct averment or by implication, or even by the copy of the judgment filed as an exhibit, to show that the appeal was granted by that court. Unless it was granted by that court the clerk thereof had no authority to issue the supersedeas. (Section 888, Civil Code.)
But it is not averred as a substantive and specific fact that a supersedeas was issued at all. The allegation is that the-judgment debtor executed the bond sued on, “and thereby procured a supersedeas from said clerk superseding plaintiff’s-said judgment.”
Whether the clerk treated the execution of the bond as of itself superseding the judgment, and on that account forbore-to issue execution, or whether the appellee for that reason declined to take steps to enforce the collection of his judgment, or whether a supersedeas was actually issued, are questions of fact that can not be definitely and certainly determined from *130 ■ the statements of the petition. The utmost that can be claimed is that the pleader assumed it to be a fact that the judgment was superseded in consequence of the execution of the bond. That he should have stated the facts attending the transaction, and left the court' to determine whether that assumption was warranted by those facts, is a principle or rule of pleading so well established in this state that it needs only to be referred to.
As the mere execution of the bond did not obstruct appellee in the collection of his judgment (Reed v. Lander, 5 Bush, 599), as he fails to allege in direct terms that a supersedeas was issued at all, and as his petition shows that all the steps relative to the bond and the supersedeas were taken by the clerk of the. circuit court, and as it fails to state facts showing that said clerk had the authority to do more than to •accept the bond and forward a copy thereof to the clerk of this court, it is manifestly insufficient.
The judgment must be reversed. The cause is remanded, with instructions to the circuit court to carry the demurrer back to the petition and to sustain it, and then for further proper proceedings not inconsistent with this opinion.