### H. B. SPOONER *v.* J. M. BEST'S EX'R.

**Liability of Sureties on Supersedeas Bond.**

Where the clerk was authorized to take a bond and execute a supersedeas, if the parties voluntarily interposed and gave such bond and procured the issuing of such writ, and thereby stayed execution, there is no reason why they should not be held liable.

APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

February 4, 1880.

OPINION BY JUDGE PRYOR:

It is evident from an inspection of the original bond on file in this court that it bears date on the 25th of June, and not the 28th of that month. Both the clerk and his deputy swear positively to the fact

that the bond was executed at the time it bears date, and detail circumstances transpiring at the time, from which they are able to make this statement without regard to the endorsement on the bond. These witnesses stand unimpeached, and their testimony uncontradicted. Experts say that the date has been altered, but this is not sufficient to invalidate the statements made by the clerks, aided by the endorsement on the bond. Nor is the fact that copies had been made with the date the 28th instead of the 25th to be relied on to overthrow this positive and uncontradicted testimony for the appellant.

Those who ought to know when this bond was executed have sworn that it bears its true date, and if altered, by whom was the alteration made, and when? If the figure "8" had been made and the figure "5" afterward made over it, it by no means follows that it was done at a time subsequent to its execution and certainly this will not be presumed, when there is direct and positive testimony as to the time of its execution. The verdict, therefore, should have been for the appellant, or, if not, the chancellor, when called on to allow the claim, should have disregarded it. Nor, in our opinion, is it material whether the bond was executed on the 25th or the 28th, the parties being liable in any event. The judgment, the issuing of the execution, the service of the supersedeas, the appeal and its affirmance, and the subsequent insolvency of Brazelton, are all facts admitted by the answer, the only defense being that the clerk had no authority to take the bond or issue the supersedeas.

If these parties have voluntarily interposed, and by the execution of this bond and issuing of a supersedeas stayed the execution and prevented the payment of the money, there is no reason why they should not be made liable. They were not compelled to execute the bond by an officer who had no authority to make such a demand of them, but they voluntarily, if their view be a correct one, sought one who had no such authority, and required him to take a bond that had the effect to stay all proceedings on the judgment until the case was tried and disposed of in this court, and neither the principal nor surety will be allowed to avoid responsibility by reason of their illegal act. They accomplished by that proceeding, although illegal, all that could have been attained if the appeal had been obtained in this court.

The case of *Jones v. Green,* 12 Bush 127, was on demurrer to the petition in which there was no allegation that a supersedeas bond had issued, and while some allusion is made in the opinion as to want of

authority on the part of the clerk to accept the bond or issue the supersedeas, it was not intended to decide that the surety is not liable for the damages sustained, although the clerk may have had no authority to accept the bond or issue the supersedeas. If by so doing he has injured the party complaining, a liability exists. This view is sustained by the whole current of authority in this state. It is unnecessary, however, to pursue this view of the question presented, as the proof authorized a judgment for the appellant, the bond having been executed on the 25th and not the 28th of the month. No demand was necessary to be made of the administrator. The action had been instituted in the lifetime of Best. It was consolidated with the action for a settlement of the estate, and an affidavit had been made to the claim as the law required.

The judgment is *reversed* and cause remanded with directions to sustain the attachment and allow the claim of appellant, and for further proceedings.

*Bigger & Reid, for appellant.*

*C. S. Marshall, Sam Houston, for appellee.*