CASE 27—MOTION—OCTOBER 17.

# American Accident Company of Louisville v. Reigart.

### APPEAL FROM MASON CIRCUIT COURT.

VOID ORDER GRANTING APPEAL—VALIDITY OF SUPERSEDEAS BOND.—
The lower court has no power to grant an appeal from a judgment
subsequent to the term at which it was rendered, and an order grant-
ing an appeal entered at a subsequent term being void, there is no
appeal which may be dismissed; and although the appellant has exe-
cuted supersedeas bond and had supersedeas issued, the appellee is not
entitled to damages, the bond not being valid as a statutory bond.
Whether it is valid as a common law obligation is not determined.

A. M. J. COCHRAN, EDWARD W. HINES FOR MOTION.

The appeal being "improperly granted" appellee is entitled to its dis-
missal with damages. Appellant, having voluntarily executed the bond
and had supersedeas issued, ought not to be heard to say the bond is
void. (Civil Code, secs. 734, 757 and 764; Hanna, &c., v. McKenzie,
&c., 5 B. M., 316; Spooner v. Best's Ex'r, 8 Ky. Law Rep., 186.)

THOMAS H. HINES AGAINST MOTION.

The order granting the appeal being void the supersedeas bond and super-
sedeas were also void, and, therefore, no damages should be awarded.
(Civil Code, sec. 764; Freeman on Judgments, sec. 117; Wright v.
Woolfolk, 14 Bush, 310; White v. Foote Lumber Co., 29 W. Va.,
385; s. c. 6 Am. St. Rep., 652.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a motion to dismiss an appeal with ten per cent.
damages, upon the ground that it was improperly granted
by the lower court.

The order allowing the appeal was made upon a motion
entered at a term subsequent to the judgment, and to the
order overruling the motion for a new trial. The Civil
Code, section 734, provides, " that an appeal shall be
granted as a matter of right by the court rendering the
judgment, *on motion made during the term at which it is*

*rendered,* or *thereafter* by the clerk of this court." Section 757 gives the right to the appellee when it appears from the record that an appeal has been " improperly granted " to move to dismiss it; and section 764 provides, " upon the affirmance of, or the dismissal of an appeal from a judgment for the payment of money, the collection of which in whole or part has been superseded, as provided in chapter 2 of this title, ten per cent. damages on the amount superseded shall be ' awarded against the appellant.' " The appellee contends that the appeal was "improperly granted," and, therefore, by the terms of the statute it must not only be dismissed, but the judgment having been for money, and a supersedeas bond executed and supersedeas issued, the allowance of the damages necessarily follows the dismissal. Undoubtedly, the court had no right to entertain the motion or grant the appeal at a term of court subsequent to the judgment and the overruling of the motion for a new trial. This is conceded by the appellant, but it insists that the order allowing it was void, and that, therefore, the execution of the supersedeas bond before, and the issual of the supersedeas by, the clerk of the lower court were void acts, which did not prevent the enforcement of the judgment.

The order granting the appeal was a nullity. (City of Bowling Green v. Elrod, 14 Bush, 216; Wright, &c., v. Woolfolk, 14 Bush, 308.)

The Code expressly declares that after the expiration of the term at which the judgment is rendered, an appeal must be granted by the clerk of this court. The lower court has no longer any power in the matter. For any such purpose there is no cause pending before it, and if it assumes to act, it is *coram non judice.* Its order is, in

legal effect, no order.   Being void, it has no legal exist-
ence.   Freeman in his work on Judgments, section 117,
says :  " A void judgment is, in legal effect, no judgment.
By it no rights are divested ; from it no rights can be
obtained.   Being worthless in itself, all proceedings
founded upon it are equally worthless.   It neither binds
nor bars anyone.   All acts performed under it, and all
claims flowing out of it are void."   As the order was ab-
solutely void, it can not properly be said that an appeal
was " improperly granted."   None was granted either
properly or improperly.   It is the same as if no order
had been made.   This being so, there is no appeal pend-
ing to be dismissed.

It can not be correctly said that the party having ob-
tained the void order, and having acted under it by
executing a supersedeas bond before the clerk, is estopped
to deny its validity.   In the absence of an order allow-
ing an appeal, no bond could be taken or supersedeas
issued as provided in the statute.   The order being
void, there was none.   It was not the act of the party,
but of the court; and a judgment or order of court to
serve as an estoppel must proceed from one having
jurisdiction.   If a party sues in a court, and the suit goes
to judgment against him, yet if the court had no juris-
diction, its action is wholly void, and the party may still
resort to the proper tribunal.   (Freeman on Judgments,
section 264.)

The order purporting to grant the appeal was not bind-
ing upon the other party, and being altogether void was
ineffectual to work an estoppel or for any purpose what-
ever.   There was not even colorable authority to make
it.   It was expressly forbidden by the statute, and had no

more validity than if it had been made by a private individual. Whether the bond is valid as a common law obligation is not a question before us, and what has been said must be regarded as relating only to whether any appeal is pending which may be dismissed, and whether any valid statutory bond with supersedeas ever existed authorizing the allowance of damages.

In our opinion there is no appeal pending, and the motion is, therefore, overruled.