Leonard's Adm'r v. Cowling.

Case 81.—ACTION BY L. D. H. COWLING AGAINST SIM N. LEONARD ON MOTION TO DISMISS AND STRIKE BILL OF EXCEPTIONS FROM RECORD, AND TO FILE ADDITIONAL RECORD.—June 6 and October 10.

## Leonard's Adm'r v. Cowling.

Appeal from Jefferson Circuit Court.

Motion made in Appellate Court. Motion to dismiss overruled. Motion to file transcript sustained.

Appeal—Abandonment—Supersedeas and Bond—Filing of Record
—Bill of Exceptions—Time for Filing.

1. The entry and prosecution of a motion for new trial suspends a judgment previously entered, and constitutes an abandonment of an appeal previously granted from the judgment.

2. An appeal bond and supersedeas executed and issued after an abandonment of the appeal by the filing of a motion for new trial are void.

3. Where the circuit court has lost jurisdiction over the case, the records should be filed with the clerk of the Appellate Court in order to perfect an appeal, and the allowance of the appeal should be procured from that court.

4. The court, on overruling a motion for a new trial, may allow time, not beyond a day in the next term, for the filing of a bill of exceptions.

5. Appeal—Motion to Dismiss—Rehearing—Perfecting Record— On rehearing of motion to dismiss appeal, appellant may have the record perfected to show that, after abandonment by motion for new trial of the first appeal granted by the trial court, a second appeal was granted by it, the transcript filed having been apparently complete and certified by the clerk of the trial court as being complete, but this will be allowed on condition that the supersedeas issued below be allowed to stand and abide the final result on the merits.

GREENE & VAN WINKLE and DALLAM, FARNSWORTH & MEANS for appellant.

A. C. RUCKER for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Overruling motion.

This was an ordinary action brought by L. D. H. Cowling against S. N. Leonard. It was submitted, on the law and facts, to the circuit court without a jury. The court on April 9, 1904, filed a written opinion and his conclusions of law and fact, pursuant to which on that day a judgment was entered in favor of the plaintiff for $605.04. At the conclusion of the judgment are these words: "The defendant excepts and prays an appeal to the Court of Appeals, which is granted." On April 11, 1904, the defendant filed grounds, and moved the court for a new trial. On May 14th the motion for a new trial was overruled, and sixty days' time was given the defendant to file a bill of exceptions, but no appeal was then granted. The bill of exceptions was filed on July 9th. On August 5th Leonard executed an appeal bond, and a supersedeas was issued. On September 1st the Jefferson county court appointed J. D. Leech administrator of the estate of S. N. Leonard, who had died in the meantime after the execution of the appeal bond. On January 16, 1905, an order was entered in the circuit court reviving the action in the name of Leech as administrator, and he was then granted an appeal to this court from the judgment in the action. On March 21st he filed the transcript with the clerk of this court, and an appeal was granted him, and the appearance of the appellee was entered to the appeal. On April 26th an agreed order of revivor was made in this court, appellee entering her appearance and consenting to the revivor. On May 9th appellee filed notice, and entered a motion to dismiss, with damages, the appeal granted by the circuit court, because the record was not filed in this court twenty days before the second term after the granting of the appeal.

The rule is that the entry of a motion for a new trial suspends the judgment, and that the judgment

does not become final until the motion for a new trial is overruled. Though the defendant had been granted an appeal on April 9th, he could not, while insisting upon that appeal, also maintain a motion in the circuit court for a new trial. The entry of his motion for a new trial, and the pressing of that motion, were an abandonment of the appeal which had been granted. It may be that so much of the order of April 9th as granted an appeal was an inadvertence, but whether it was or not the defendant had a right to enter his motion for a new trial so as to bring up for review in this court questions which might not otherwise be presented, and to this end he might have had the order of April 9th, so far as it granted an appeal, set aside. The evident purpose of the defendant was not to appeal from the judgment, but to appeal from the order refusing him a new trial so as to bring up every question raised by the record. His adopting this course was necessarily an abandonment of the appeal granted in the original judgment.

The appeal bond was executed after the motion for a new trial was overruled, and was, no doubt, executed under the idea that an appeal had then been granted by the circuit court. But as no appeal was then granted, and as the appeal which was granted on April 9th had been abandoned, the appeal bond and supersedeas are void. The circuit court had lost jurisdiction over the case in January, 1905, and therefore appellant properly filed his record with the clerk of this court, and had an appeal granted here. Appellee having entered her appearance to the appeal, the case stands regularly on the docket for hearing. The motion of the appellee, to dismiss with damages, the appeal granted by the circuit court, is overruled, as the only appeal granted by the circuit court was abandoned.

Appellee is at liberty to proceed to enforce her judgment, unless it is superseded as provided by law, by the execution of a bond before the clerk of this court. The bill of exceptions was filed within the time allowed by the court; the appeal which had been previously granted had been abandoned by the motion for a new trial; the court had power under the Code, when it overruled the motion for new trial, to give time for the filing of the bill of exceptions, not beyond a day in the next term; and the time given was not beyond the limit thus fixed.

Appellee's motion to strike out the bill of exceptions is therefore overruled.

Opinion by Judge O'Rear on petition for rehearing.

With the petition for rehearing appellee offers to file an omitted part of the record, viz, an order of the lower court of July 9, 1904, granting an appeal in this case. The supersedeas bond was executed on August 5, 1904. A previous appeal had been granted by the lower court April 9, 1904; but, as was held in the former opinion herein (87 S. W., 812, 27 Ky. Law Rep., 1059), appellant's subsequent motion for a new trial was an abandonment of that appeal. The transcript of the record was not filed in this court till March 21, 1905. Appellee's motion to dismiss the appeals granted below was overruled, as is shown by the former opinion, because the record disclosed that but one appeal, viz, that of April 9, 1904, had been granted; and, as it was abandoned as above shown, there was no appeal pending but the one granted in this court March 21, 1905. In discussing the effect of the appeal granted April 9, 1904, subsequently abandoned, and the effect of the supersedeas and bond, this court said: "The appeal bond was executed after the motion for a new trial was overruled, and was no

doubt executed under the idea that an appeal had been granted by the circuit court.   But as no appeal was then granted and as the appeal which was granted on April 9th had been abandoned, the appeal bond and supersedeas are void.''   By the additional part of the record now offered to be filed by appellee with his petition for rehearing, it does appear that an appeal had been granted when the supersedeas bond was executed and the supersedeas issued, other than the one of April 9th, to-wit, the one of July 9th.   If that fact had been made to appear, it is manifest from the language of the court in the opinion that our conclusion would have been otherwise.

The question is, will the court on a petition for rehearing allow the record to be perfected, so as to change the result?   In a number of cases it has been decided that after submission the court will not allow the record to be extended, and that, where the appellant has lost upon an imperfect record the court will not on rehearing permit the record to be changed and the case retried.   (Stanford v. Parker, 15 S. W., 784, 16 S. W., 268, 12 Ky. Law Rep., 878; Christopher v. Searcy, 12 Bush, 171; Yeager v. Groves, 78 Ky., 278; Martin v. Royse, 54 S. W., 177, 21 Ky. Law Rep., 1353.)   This rule, though, has been confined to appellant in its application; for it is the appellant generally who files the record here, and it is obviously a safe rule that prohibits his speculating upon the result of the court's action by presenting incomplete transcripts.   He does so at his peril.   On the other hand, we have held in a number of cases that the rule does not apply in its rigor to the appellee, who does not bring up the record.   We are speaking of those cases in which the complete record is required to be brought

up. In Doty v. Trustees of Berea College, 15 S. W., 1063, 16 S. W., 268, 12 Ky. Law Rep., 964, and Long v. Kerrigan, 16 S. W., 708, 17 S. W., 441, 13 Ky. Law Rep., 433, the appellees were allowed to bring in omitted portions of the record after judgment here, where the incomplete transcript had been filed by the appellants, and rehearings were granted thereon. In the case at bar the transcript filed by appellant was apparently complete, and was so certified to by the clerk of the circuit court. Doubtless it was believed by the clerk and by appellant's counsel that it was so. Under the circumstances appellee's counsel might well have relied on the verity of the clerk's certificate. This court so relied on it, and we are all in error as to the fact. Now, what is the remedy? It occurs to us that substantial justice is to allow the record to be perfected, to preserve the rights of the parties on the merits of the case, whatever they may be. But, in view of the mispractice of the case, we allow this additional transcript to be filed on terms that the supersedeas issued below be allowed to stand and abide the final result of the court's action on the merits of the case. The expression in the former opinion that "the appeal bond and supersedeas are void" is withdrawn.

The motion to dismiss the appeal is overruled. The motion to file additional transcript is sustained.