# Asher v. Cornett

Motion denied and a petition for a rehearing overruled.

Appeal—Supersedeas.—Where the circuit court renders a default judgment, and at a later term overrules a motion to set aside such judgment and grant a new trial, the appeal then granted by the circuit court is only from the judgment denying a new trial, and the supersedeas then issued by the clerk thereof, on the execution of the supersedeas bond before him, does not prevent execution on the default judgment, such court, under Civ. Code Prac., section 734, not having jurisdiction to grant an appeal from its judgment, except at the term at which it was rendered, and the clerk of such court having no authority to accept a supersedeas bond or issue a supersedeas as to

such judgment, no appeal therefrom having been granted by such court; section 759 providing that the bond must be executed before the clerk of the court granting the appeal.

N. J. WELLER attorney for appellant.

JAMES H. JEFFRIES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Overruling motion to dismiss appeal.

The question for decision now in this case is whether appellee's motion to dismiss the appeal granted by the lower court, and to discharge the supersedeas issued by the clerk of the circuit court, should prevail. Appellee sued appellant in assumpsit in the Leslie circuit court. A default judgment was rendered against appellant at the February, 1907, term of that court. No appeal was asked for, and none was granted by the court at that term. Appellant executed a supersedeas bond before the clerk of the Leslie circuit court and had issued a supersedeas staying proceedings upon the judgment on the 13th day of June thereafter. On the 26th day of June appellee filed notice, copies of the judgment and supersedeas bond, and moved this court to dismiss the appeal granted by the lower court and discharge the supersedeas. The papers filed did not disclose whether an order granting the appeal had been made by the circuit court. In this state of the record the court entered this order: "It appearing from the record that no appeal was granted before the execution of the supersedeas, the clerk was not authorized to issue a supersedeas or to accept bond. It was void. There is no necessity for quashing it, nor has the court power to do so in the present state of the record. Motion overruled." It now appears from

the complete record filed in the case that at the April term, 1907, of the Leslie circuit court, appellant entered a motion to set aside the judgment rendered at the February term and to grant him a new trial of the action. Upon hearing, that motion was over-ruled, and from the judgment refusing the new trial appellant was granted an appeal to this court. It is insisted now that the appeal so granted was an appeal from the default judgment rendered at the February term, and that the clerk of the circuit court was there-fore authorized to accept the bond and issue the supersedeas.

The circuit court has not the jurisdiction to grant an appeal from its judgment, except at the term of the court at which the judgment is rendered. Section 734, Civ. Code Prac. An appeal granted by the circuit court at a term subsequent to the one at which the judgment was rendered is void. American Accident Co. v. Reigart, 92 Ky. 142, 17 S. W. 280, 13 Ky. Law Rep. 442. We construe that the order granting the appeal in this case has relation alone to the judgment rendered at the term of the court during which the appeal was allowed, to-wit, from the judgment of the April term of the court refusing a new trial of the action. A judgment vacating a former judgment, or refusing to vacate a former judgment and to grant a new trial, is final, and may be appealed from. McCall v. Hitchcock, 7 Bush, 615; Id., 9 Bush, 66; Pague v. O. & K. Railroad, 1 Ky. Law Rep. 399. By section 748 of the Civil Code of Practice, a supersedeas shall not be issued until the appellant causes to be executed before the clerk of the court which rendered the judgment, or the clerk of the Court of Appeals, with sufficient sureties, a bond to the effect that appellant shall pay to the appellee all costs and damages that shall be

adjudged against appellant on the appeal, and also to perform and satisfy the judgment appealed from if it should be affirmed. But by section 759 of the Civil Code of Practice it is provided: "The bond must be executed before the clerk of the court rendering the judgment if the appeal be granted by that court. In other cases it must be executed before the clerk of the Court of Appeals." Now, as there has not been an appeal granted by the Leslie circuit court from the judgment rendered at its February term, 1907, the clerk of the Leslie circuit court was not authorized to accept a supersedeas bond or to issue a supersedeas staying proceedings upon that judgment. Jones v. Green, 12 Bush, 127. As a statutory bond the bond is void, and appellee is not entitled to damages on it as a statutory bond. American Accident Co. v. Reigart, supra. Whether it is valid as a common-law bond is not here for determination. Spooner v. Best, 8 Ky. Law Rep. 185. Until an appeal is granted by the clerk of this court and a supersedeas bond executed before and a supersedeas issued by such clerk, appellee is entitled without action by this court to have an execution issued upon the judgment rendered at the February term, 1907, of the Leslie circuit court. Appellant may prosecute an appeal yet from the judgment last alluded to, but it must first be granted as required by section 734 of the Civil Code of Practice.

The petition for rehearing is overruled.