## Torbitt & Castleman v. Middlesboro Grocery Co.

(Decided March 5, 1912.)

### Appeal from Bell Circuit Court.

1. Supersedeas—Issued Without Authority.—Where a circuit clerk issues a supersedeas without authority to do so, 10 per cent. damages can not be awarded on the dismissal of the appeal as the supersedeas was a nullity.

2. Procuring Officer to Act Estopped to Deny Authority.—He who procures an offcer to act may be estopped to deny his authority to act as against one prejudiced thereby; but the liability will not extend to a statutory penalty which can be created only pursuant to the statute.

PRYOR & CASTLEMAN for appellant.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Sustaining Motion.

The judgment here appealed from was rendered June 30, 1911, and the appeal was then granted. On December 11, 1911, the appellee had an execution issued on the judgment, no supersedeas having been taken out. The time for filing the transcript in this court expired on December 12, 1911. On January 11, 1912, at the instance of appellants the clerk of the Bell Circuit Court

accepted a supersedeas bond and issued a supersedeas thereon. Thereafter at this term of the court, an order was entered by this court, dismissing the appeal because, the transcript was not filed in time. The appeal was dismissed with ten per cent. damages, and the motion is now entered to set aside so much of the order as awarded ten per cent. damages.

In Turner v. Wickliffe, Assignee of Farmers' Bank, 146 Ky., 776, it was held that the clerk of the circuit court though he has power to take an appeal bond has no power to issue a supersedeas thereon after the time has expired for filing a transcript in this court; and that a supersedeas issued without authority does not suspend the execution of the judgment. or warrant the awarding of 10 per cent. damages on the dismissal of the appeal. It is insisted that this case is taken out of the rule there laid down by reason of the fact that the appellant insisted that the clerk should take the bond and issue the supersedeas; that the officer who had the execution obeyed the supersedeas; and that as appellant has enjoyed the suspension of the judgment obtained by his own acts, he is estopped to question the validity of the supersedeas. In support of this view we are referred to Spooner v. Beth's Ex'or, 8 R., 185. But in that case the bond bore date at a time when the clerk had authority to act, and the case really went off on the ground that this was its true date. What is said by the court as to the estoppel in that case must be limited to the case which the court had before it. If the clerk by the procurement of appellant had dated the bond back and the appellee, being misled by this and not knowing the facts, had obeyed the supersedeas, the estoppel might well be applied; but in the case at bar the appellee knew all the facts. An estoppel never arises where the opposing party is not in fact misled and knows the facts. The supersedeas having been issued by an officer who had no power to issue it was a nullity and being a nullity, it might have been disregarded by the sheriff who had the execution or by the plaintiff in the judgment. The right to 10 per cent. damages comes wholly from the statute, and to entitle a party to the damages, the statute must be followed. A supersedeas issued by an officer who has no authority to issue it, is of no more validity than if issued by a private person.

As the appeal was granted by the circuit court, the clerk of that court had authority to take the bond; but

as it was not executed until after the time for filing the transcript in this court had expired, he had no authority to issue the supersedeas. The clerk of this court alone was then authorized to issue it. While one who procures an officer to act may be estopped to deny his authority to so act, when he has enjoyed the fruits of the officer's action, the estoppel only extends to the common law liability, and is only applied in favor of one who has been prejudiced thereby. A liability for a statutory penalty which exists alone under the statute, can be created only pursuant to the statute.

Motion sustained.