## Dougherty v. Central Trust Company, Executor of A. J. Mitchell, Deceased.

(Decided October 17, 1913).

### Appeal from Daviess Circuit Court.

1. Appeal—Supersedeas—When Clerk Without Authority to Issue.— No appeal having been granted by the court rendering the judgment, the circuit clerk was without authority to take a supersedeas bond or to issue a sepersedeas.

2. Appeal—Supersedeas.—The supersedeas being void no damages can be awarded, but the supersedeas will be discharged.

3. Appeal—Dismissal—Transcript.—An appeal will be dismissed where the transcript is not filed within the time allowed by law,

LOUIS I. IGLEHEART for appellant.

W. T. ELLIS for appellee.

OPINION OF THE COURT ON MOTION TO DISMISS WITH-
OUT DAMAGES BY CHIEF JUSTICE HOBSON.

Appellee has entered a motion to dismiss the appeal,
to discharge the supersedeas, and award damages. The
facts are these: On December 17, 1912, appellee re-
covered a judgment against appellant for its debt, with
interest and cost; also a judgment enforcing its lien on
the property mortgaged to it. The property was sold
under the judgment; appellee bid in the property at the
sale and failed to give bond. The court at the February
term, 1913, ordered a resale of the property and directed
the commissioner to take bond payable to himself for
any excess that the real estate should sell for over and
above the plaintiff's debt, interest and cost. Appellee
entered a motion at that term to set aside the judgment
entered on December 17, 1912, and her motion being
overruled, she excepted to this and also excepted to the
ruling of the court in ordering the bond for the excess
that the real estate might sell for, payable to the com-
missioner. From these rulings of the court she prayed
an appeal to this court which was granted. Thereupon
on March 17, 1913, she executed a supersedeas bond be-
fore the clerk of the Daviess Circuit Court superseding
the original judgment and he issued a supersedeas. She
did not file the record in this court within the time al-
lowed by law and for this reason the motion to dismiss
the appeal granted by the circuit court as above stated
must be sustained.

The clerk of the Daviess Circuit Court was without
authority to take an appeal bond superseding the origi-
nal judgment as that judgment was rendered on Decem-
ber 17, 1912, and no appeal had been granted from it by
the court rendering the judgment. The clerk was also
without authority to issue a supersedeas superseding
that judgment.

An appeal may be only granted by the court render-
ing the judgment during the term at which it was ren-
dered. (Civil Code, Sec. 734.) No appeal from this
judgment having been granted during the term at which
it was rendered, an appeal from it could only be granted
by the clerk of this court, and he alone was authorized
to take an appeal bond or to issue a supersedeas. The
supersedeas issued by the clerk of the Daviess Circuit
Court was void and was of no force. (Turner v. Wick-
liffe, 146 Ky., 776; Torbit, Etc. v. Middlesboro Grocery

Co., 147 Ky., 343.)   The supersedeas being void, no damages can be awarded.

The appeal is dismissed without damages, and the supersedeas is discharged.