## Louisville & Nashville Railroad Company v. Smith's Administrator.

### (Decided January 17, 1918.)

### Appeal from Letcher Circuit Court.

1. **Appeal and Error—Dismissal.**—While Civil Code, section 734, declares that an appeal shall be granted "as matter of right to a party or privy against a party or privy by the court rendering the judgment," it is equally mandatory in its requirement that the party or privy desiring the appeal must ask or move the court for the granting of such appeal during the term at which the judgment is rendered; otherwise the appeal must be applied for to the clerk of the Court of Appeals by filing in his office a copy of the judgment from which the appeal is taken. As in this case neither of the methods for taking the appeal provided by section 734 was followed the appeal must be dismissed.

2. **Appeal and Error—Dismissal—Damages—Supersedeas Bond.**— The dismissal of the appeal, however, does not, in this case, entitle the appellee to the ten per cent. damages asked by reason of appellant's execution in the circuit court of a supersedeas bond. As there was no appeal granted by that court the taking of the supersedeas bond by the clerk thereof was unauthorized. Civil Code, section 749. Therefore, the bond, as well as the supersedeas issued thereon, was void. Hence, damages cannot be awarded appellee on the bond.

MORGAN & HARVIE, SAMUEL M. WILSON and BENJAMIN D. WARFIELD for appellant.

T. W. WYLIE and W. G. DEARING for appellee.

Opinion of the Court by Chief Justice Settle—Dismissing appeal and refusing to award damages.

In this case, the appellee as administrator of the estate of James F. Smith, deceased, recovered in the court below a verdict and judgment against the appellant, Louisville & Nashville Railroad Company, for $5,000.00 damages. We are asked to dismiss the appeal prosecuted by the latter from that judgment; a motion to that effect and for ten per cent. damages on the amount superseded by the bond for the appeal executed by appellant before the clerk of the circuit court, having been entered in this court by appellee.

The motion to dismiss the appeal is based on the ground that the appeal, though proceeded with as if granted by the circuit court rendering the judgment, was not in fact granted by that court. The soundness of this contention is sustained by the record which shows that the appeal was not asked of nor granted by the circuit court. Civil Code, section 734, declares that an appeal "shall be granted, as matter of right to a party or privy against a party or privy, by the court rendering the judgment, on motion made during the term at which it is rendered, or thereafter by the clerk of the Court of Appeals, on application of either party or his privy, upon filing in the office of said clerk a copy of the judgment from which he appeals."

The record in this case shows that the appellant objected and excepted to the order of the circuit court overruling its motion for a new trial, but fails to show that it asked for or was granted an appeal by the court rendering the judgment. While appellant was entitled, as a matter of right, to an appeal, and the circuit court could not have refused it if asked for, as appellant did not ask it and the appeal was not granted by that court, and has not been granted by the clerk of the Court of Appeals, it necessarily follows that the appeal as taken, must be dismissed.

The dismissal of the appeal, however, does not necessarily entitle appellee to the ten per cent. damages asked. On the contrary, inasmuch as no appeal was granted by the circuit court, the condition upon which the supersedeas bond was entitled to be executed before the clerk of the court rendering the judgment could not and did not exist. Civil Code, section 749, relating to appeals, provides:

·"The (supersedeas) bond must be executed before the clerk of the court rendering the judgment, *if the appeal be granted by that court.* In other cases, it must be executed before the clerk of the Court of Appeals."

As the appeal in this case was not granted by the court rendering the judgment, the conclusion is inevitable that the clerk of the circuit court was without authority to take the supersedeas bond executed by appellant. Indeed, section 749, of the Code, *supra,* forbade his doing so.

In Asher v. Cornett, 126 Ky. 569, in passing on the question here presented we said:

"As there has not been an appeal granted by the Leslie circuit court from the judgment rendered at its February term, 1907, the clerk of the Leslie circuit court was not authorized to accept a supersedeas bond or to issue a supersedeas staying proceedings upon that judgment. Jones v. Green, 12 Bush 127. As a statutory bond, the bond is void, and appellee is not entitled to damages on it as a statutory bond."

To the same effect are the following additional authorities: Turner v. Wickliffe, Assignee, &c., 146 Ky. 776; Torbett & Castleman v. Middlesborough Grocery Co., 147 Ky. 343.

As a supersedeas bond is strictly a statutory bond, and is governed by the provisions of the Code, *supra,* the clerk's action in taking this bond legally counts for nothing and the bond and supersedeas are void. As the two years within which an appeal from the judgment may be taken have not expired, appellant may yet take an appeal from the judgment complained of as allowed by sections 748-749, Civil Code; in which event, if it would supersede the judgment, it can execute the required bond before the clerk of this court.

For the reasons indicated, the motion of appellee, insofar as it seeks to dismiss the appeal, is sustained and the appeal dismissed; but to the extent that it asks ten per cent. damages, it is overruled.