## Thornton v. Durrette.

(Decided February 14, 1919.)

### Appeal from Marion Circuit Court.

1. Appeal and Error—Jurisdiction—Supersedeas.—An appeal from a money judgment for a sum as much as $200.00, exclusive of interest and costs, but less than $500.00, can be granted only by the Court of Appeals. Judgment can be superseded only by a bond executed before the clerk of the Court of Appeals.

2. Appeal and Error—Jurisdiction.—Where the amount of the judgment is less than the minimum amount necessary to give this court jurisdiction the court will entertain the appeal where a valid or meritorious cross-petition or counterclaim is tendered or filed in an amount sufficient to give jurisdiction.

3. Appeal and Error—Law of the Case.—Judgment of this court, on a former appeal, being the law of the case all questions that were then presented or were properly before the court are as conclusively settled as if specifically mentioned and considered.

HUGH P. COOPER for appellant.

H. W. RIVES and L. S. PENCE for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Dismissing appeal without damages.

The appellant, appellee and T. A. Wayne were interested in the stock trading business under various partnership agreements. Wayne brought suit against Durrette in the Marion circuit court, seeking to recover certain sums alleged to be due him on account of the profits by Durrette & Son of certain cattle that had been contracted for by the firm of Wayne and Durrette. Durrette made his answer a cross-petition against Thornton and Wayne, claiming to be a partner in the firm of Wayne & Thornton, and that he was entitled to one-third of the profits of the said last named firm, which he alleged amounted to $1,500.00.

Conceiving that Durrette was not a partner in the firm both Thornton and Wayne, in separate responsive pleadings to Durrette's answer and cross-petition, failed to take issue on the question of profits or to introduce any testimony relative thereto. The case was tried and the lower court entered a judgment to the effect that Durrette was a partner in said firm and entitled to one-fourth instead of one-third of the profits as claimed by him; Wayne to another fourth and Thornton to one-half, and gave judgment in favor of Durrette against Wayne for $146.25. Both Wayne and Durrette appealed from this judgment.

Wayne superseded the judgment against him and executed a supersedeas bond with the appellant Thornton as surety. Motions for appeals in both cases were denied and the judgment affirmed by this court October 27, 1916.

Thereafter Durrette caused execution to issue against Wayne for the amount of his judgment and costs, and this execution was returned by the sheriff of Marion county with the endorsement, "No property found to make said execution against T. A. Wayne, or any part thereof."

Durrette then filed the present suit against Thornton, surety on the supersedeas bond, asking for judgment for the principal of said bond, to-wit, $146.25, with interest from October 19, 1914, the date of the judgment, $24.45 costs in the circuit court and $39.60 costs in the Court of Appeals. Thornton demurred to this petition and the demurrer having been overruled filed a pleading entitled "answer, set-off, counterclaim and cross-petition," in which pleading he alleged the clerk of the lower court had no authority to issue a supersedeas, the judgment being under $500.00, and further that the profits of Wayne & Thornton were not $1,102.00 but $510.00, also claiming certain charges in his favor against the firm and the members thereof. The court sustained a demurrer to this pleading and entered judgment against Thornton for the amount prayed for.

Thornton prayed and was granted an appeal in the lower court and superseded this judgment by executing bond before the clerk of the Marion circuit court. On March 8, 1917, appellee filed the record in this court and moved to dismiss the appeal. Appellant also filed a copy of the record April 20, 1917, and various motions have been made on the appeal since that time.

The amount of the judgment appealed from is $146.25, plus costs in the former suit, a total of $210.30, therefore the court below was without authority to grant the appeal. This could only have been done by motion for an appeal. See Ky. Stats., section 950, subsection 3, as amended by the act of 1914, p. 94.

In Childers, etc. v. Ratcliffe, et al., 164 Ky. 123, the court said: "Under the first section of the act of 1914, and rule 20 of this court, adopted for the purpose of administering the act, an appeal from a money judgment for a sum as much as $200.00, exclusive of interest and costs, but less than $500.00, can be granted only by the Court of Appeals and the judgment can be superseded only by executing a bond before the clerk of the Court of Appeals.

"The Pike circuit court was, therefore, without jurisdiction to grant the appeal in this case; the attempt to do so was a nullity; and there being no appeal, the supersedeas bond was void. Asher v. Cornett, 126 Ky. 572; Turner v. Wickliffe, 146 Ky. 776; Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky. 343; Dougherty v. Central Trust Co., Exr., &c., 155 Ky. 380."

We have held that though the amount of the judgment be less than the minimum amount necessary to give this court jurisdiction that where a valid or meritorious cross-petition or counterclaim is tendered or filed in amount sufficient to give jurisdiction, then the court would entertain the appeal. Co-operative Mfg. Co., etc. v. Rusche, 30 Rep. 790; District of Highlands v. Michie, 32 Rep. 761.

But the allegation upon which appellant based his answer, set-off, counterclaim and cross-petition are matters that should have been set up and litigated in the original action, and which as a matter of fact Wayne attempted to set up in that case in an amended pleading. This court having heretofore passed upon the appeals from the original judgment the parties are now precluded from having this same matter relitigated.

The judgment of this court on the former appeal being the law of the case all questions which were then presented or were properly before the court are as conclusively settled, though not referred to in the opinion, as if they were specifically mentioned and considered. Harcourt & Co. v. Redmon, 149 Ky. 612; Hopkins v. Adam Roth Gro. Co., 105 Ky. 357. Hence the circuit court properly sustained the demurrer to appellant's pleading. This being true there is nothing here but the

judgment for $146.25. See C. & O. Ry. Co. v. Rowe, 21 Rep. 1145; Cumberland Tel. & Tel. Co. v. Logsdon, 142 Ky. 639; Montgomery v. Montgomery, 25 Rep. 1682.

Upon this state of the record the appeal must be dismissed because this court has no jurisdiction of the appeal and the court is without jurisdiction to order damages on the supersedeas bond. See Wilson v. Hite, 154 Ky. 61; Asher v. Cornett, 126 Ky. 569; Dougherty v. Central Trust Co., Ex'r, 155 Ky. 380.

Wherefore the appeal is dismissed without damages.