# Ward v. Martin, Sheriff.

(Decided November 26, 1929.)

EDWARD P. HILL and J. C. HOPKINS for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

At the April, 1929, term of the Floyd circuit court, one Leslie Thompson was convicted of violating some provision of our prohibition statute (Laws 1922, c. 33), and was given a fine of $100 and 30 days' imprisonment in the county jail. A motion by him for a new trial was made, and, while it was pending and undetermined, and on April 19, 1929, he executed a supersedeas bond with the appellant, Ward, as his surety, with the intention and purpose of obtaining a review of the trial by this court, pursuant to the provisions of section 348 of the Criminal Code of Practice, which is section 2 of an enactment of the Legislature approved March 27, 1926, and is chapter 34, p. 144, of the Session Acts for that year. It provides, in substance, that an appeal as a matter of right in judgments of convictions in misdemeanor prosecutions shall not thereafter exist, but that defendant, or the common-

wealth, may obtain a transcript of the record and file it with the clerk of this court within the prescribed time with a motion for an appeal, and, if the court concludes that prejudicial error was committed, it will grant the appeal; otherwise the motion will be overruled and the judgment automatically affirmed. So that the trial court whose judgment is sought to be reviewed by this court no longer has jurisdiction to grant appeals in such cases.

On the 23d day of April, or four days after the supersedeas bond was executed and approved by the clerk of the circuit court, the motion for a new trial was overruled, but Thompson abandoned his appeal and did not file the transcript with the clerk of this court within the time allowed and the judgment of the circuit court thereby became final. On the 13th day of September, 1929, the clerk of the circuit court issued an execution on the supersedeas bond, executed in the manner described, pursuant to the provisions of chapter 32, Acts of 1926, p. 138, which gave to such bonds in such cases the force and effect of a replevin bond upon which execution might issue. This action was then filed in the Floyd circuit court by appellant, Ward, who was the surety in the bond, against the sheriff of the county, to enjoin that officer from levying or enforcing the execution, upon the ground that the bond upon which it issued was void because executed before the motion for a new trial was acted on. The court sustained a demurrer to the petition, and, plaintiff declining to plead further, the action was dismissed, and, complaining of that judgment, plaintiff prosecutes this appeal.

Plaintiff's counsel rely upon this court's opinions in the cases of Louisville & Nashville R. R. Co. v. Smith's Adm'r, 178 Ky. 681, 199 S. W. 805; Wilson v. Hite's Ex'r, 154 Ky. 61, 157 S. W. 41, 42; Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky. 343, 144 S. W. 16; Turner v. Wickliffe, 146 Ky. 776, 143 S. W. 406; Asher v. Cornett, 126 Ky. 569, 104 S. W. 347, 31 Ky. Law Rep. 957; Leonard's Adm'r v. Cowling, 121 Ky. 631, 87 S. W. 812, 89 S. W. 131, 27 Ky. Law Rep. 1059, 28 Ky. Law Rep. 145; American Accident Co. v. Reigart, 92 Ky. 142, 17 S. W. 280, 13 Ky. Law Rep. 442; and Jones v. Green, 12 Bush, 127. In neither of them (except the Wilson case) was the direct question here involved presented or determined. However, the principle here contended for was discussed in some of them. In all of them, including the Wilson case, the supersedeas bond

was executed and approved before an officer who had no authority at the time to take and approve it, either because no appeal had been granted by the court in which the officer was the clerk, or it had been taken and approved after the expiration of the time for the granting of an appeal by that particular court. The court held in each of them that a supersedeas bond executed under such circumstances was void as a statutory bond, but it was also broadly intimated that it might be enforceable as a common-law bond, but which question was not expressly determined.

In the Wilson case the bond was signed by the surety before the motion for a new trial was acted on, and also before the trial court, which had the right to grant the appeal, had done so, and this court held that ordinarily the bond executed under such circumstances would be void; but that in the circumstances of its execution in that case it was valid, upon the ground that the signing of his name by the surety was for his accommodation, and that the unexecuted bond so signed by him was left with the clerk to be filled in and approved after the motion for a new trial was acted on and the appeal granted. No such conditional signing was involved in any of the other cases, nor is it involved in this one, since here the bond was completely executed *and approved* on April 19, 1929, four days before the motion for a new trial was acted on, and the judgment became final. The question involved in the cited cases (i. e., the invalidity of the bond if executed before the trial court granted the appeal) could not now arise in a case like this, since, by the provisions of chapter 34, Acts of 1926, supra, the circuit court no longer has the right to grant an appeal because the right to do so under the terms of that act is lodged exclusively with the Court of Appeals.

In the Wilson case it was not only held that the supersedeas bond in order to be valid as a statutory one must be executed in the circuit court and *after* the appeal was granted by that court, but also that it *could not* be executed until after the motion for a new trial had been acted on by the trial court, which, at that time, also granted the appeal, and, if done prior to either of such times, the bond would be void; the language of the opinion being: "It is conceded that the clerk had no authority to accept the supersedeas bond in October, 1906. or until after the motion for a new trial had been over-

ruled and an appeal had been prayed and granted, and it cannot be doubted that if the supersedeas bond had been accepted and approved in October, it would have been void as a statutory bond and have imposed no liability upon the surety. Jones v. Green, 12 Bush, 127; American Accident Co. v. Reigart, 92 Ky. 142, 17 S. W. 280, 13 Ky. Law Rep. 442; Leonard v. Cowling, 121 Ky. 631, 87 S. W. 812, 89 S. W. 131, 27 Ky. Law Rep. 1059, 28 Ky. Law Rep. 145; Asher v. Cornett, 126 Ky. 569, 104 S. W. 347, 31 Ky. Law Rep. 957; Turner v. Wickliffe, 146 Ky. 776, 143 S. W. 406; Torbitt & Castleman v. Middlesboro Grocery Co., 147 Ky. 343, 144 S. W. 16.''

Chapter 34 of the 1926 Acts, supra, prescribes that, in order to obtain a review of the judgment in such cases by this court, the appealing party must file the transcript of the record with the clerk of *this* court ''within 60 days after the motion for a new trial in the circuit court has been acted on, or within sixty days after the bill of exceptions is approved and filed as a part of the record. . . . The defendant if he appeals may at any time during said 60 days supersede the judgment by executing bond before the clerk of the circuit court.'' It read- ily will be seen that the supersedeas bond under the terms of that act *must* be executed before the clerk of the circuit court, but only within the 60 days immediately following the final action on the motion for a new trial, or so following the filing of the bill of exceptions in the trial court. The bond in this case was executed and approved by the clerk of the trial court prior to either of such times and when the clerk was without authority to approve it.

Under the principles announced in the cases referred to, and especially so in the Wilson case, as well as in conformity with the general practice, we feel constrained to hold that the supersedeas bond in this case was invalid as a statutory one, and, being so, no execution could issue upon it. If the bond should be held to be valid as a common-law one, the remedy would be an action upon it and not the issuance of an execution.

For the reasons stated, the judgment is reversed, with directions to set it aside and overrule the demurrer to the petition, and for proceedings consistent with this opinion.