AMERICAN BANK & TRUST
COMPANY, Appellant,

v.

SHOUSE & BURRUS, Appellee.

Court of Appeals of Kentucky.

April 15, 1983.

J. Montjoy Trimble, Trimble & Henry, Lexington, for appellant.

William C. Shouse, Shouse & Burrus, Lexington, for appellees.

Before HOWARD, HOWERTON and PAXTON, JJ.

HOWERTON, Judge.

American Bank & Trust Company appeals from a summary judgment of the Fayette Circuit Court ordering it to pay Shouse & Burrus the sum of $8,250.85 plus prejudgment interest from March 12, 1982, until paid. The claim of Shouse & Burrus arose when it purchased the Bank's stock from Jan Wallace, who was indebted to the Bank for several loans. Wallace endorsed the stock certificates to Shouse & Burrus to cover a fee. The Bank had not been notified and the transfer had not been recorded when Shouse & Burrus offered the stock for sale through the brokerage firm of Hilliard-Lyons, Inc. The Bank arranged to purchase its own stock but made the purchase check payable to the brokerage house, Jan Wallace, and itself. The Bank claimed a right to do this because of a "banker's lien" on the stock. It also argued that Shouse & Burrus was not a bona fide purchaser be-cause it had knowledge that Wallace was indebted to the Bank.

We find no merit in the Bank's arguments. A Bank is entitled to a general lien upon all the securities of a customer or depositor which are in the bank's possession, unless the property has been delivered to the bank under circumstances which would limit the application of the lien. A Bank is also entitled to set off a general deposit to enforce collection of an indebtedness owing to the bank. For a bank to have the type of possession necessary to constitute a lien, the certificates would have to be brought to the bank by the owner and left in its possession for security. A banker has no lien on such property casually left at the bank or accidentally left in the possession of the bank other than in the course of banking business. See generally, 10 Am.Jur.2d Banks § 660 (1963).

The stock was of the Bank, but the certificate was not in the possession of the Bank nor had the stock ever been encumbered as collateral for any of Wallace's debts. KRS 355.8–103, reads:

A lien upon a security in favor of an issuer thereof is valid against a purchaser only if the right of the issuer to such lien is noted conspicuously on the security.

The Bank had not conspicuously or inconspicuously noted anything on the stock certificates. The bank stock was a security and the Bank was an issuer. KRS 355.8–102 and KRS 355.8–201.

The Bank argues that it is not claiming a lien pursuant to KRS 355.8–103. It does not claim to be an "issuer" but, rather, a banker asserting its banker's lien on a security of Wallace coming into its possession. In other words, it contends that it could claim a banker's lien on any corporate stock of its debtor which it acquired by purchase. The Bank would simply pay the purchase price less the amount the debtor owed to it. We completely disagree. The problem in this case is not limited to the relationship of the Bank with Wallace.

The analogy to a set-off is also inapplicable in this situation. A set-off

**542**

may be allowed when funds on deposit in the bank are the property of the bank's debtor, the funds are deposited without restrictions, existing indebtedness is due and owing to the bank by the depositor, and the deposit was made in the bank during the usual course of banking business. *Ward v. Martin,* 231 Ky. 696, 22 S.W.2d 95 (1929). In this case, we are concerned with stock which had been sold to a third party by endorsement on unencumbered stock certificates.

Even if Shouse & Burrus had knowledge of Wallace's indebtedness to the Bank, such knowledge would not change their status as bona fide purchasers with regard to the bank's stock. All they knew, if anything, was that the Bank was setting off deposited funds against an alleged debt liability of Wallace. The Bank was also forfeiting collateral pledged by Wallace. The stock which was endorsed to Shouse & Burrus by Wallace had not been pledged, and there was no notice of a lien on the certificates. Even where one has knowledge of another person's financial difficulties and takes securities as a pledge for a personal loan, knowledge of the financial difficulties does not constitute knowledge of any defect in the title to the securities of the pledgor. *Citizens Trust & Guaranty Co. v. Hays,* 167 Ky. 560, 180 S.W. 811 (1915). American Bank had not perfected any claim in its stock owned by Wallace prior to Wallace's transfer of the stock to Shouse & Burrus. Title to the stock in this case vested in Shouse & Burrus, as a bearer, when Wallace endorsed the stock in blank. KRS 355.8–308(2).

The Bank finally argues that the trial court erred in awarding prejudgment interest to Shouse & Burrus. We find no error. Where money or property is wrongfully obtained, interest is allowable by way of damages. *Curtis v. Campbell,* Ky., 336 S.W.2d 355 (1960). The trial court in this case allowed Shouse & Burrus interest on the sum due them from the date of the sale of the stock. The Bank denied Shouse & Burrus the use of the proceeds of the stock from the date of the sale until the date of the judgment. Interest is recoverable as a matter of law in an action on a liquidated claim. *Shanklin v. Townsend,* Ky., 434 S.W.2d 655 (1968).

The judgment of the Fayette Circuit Court is affirmed.

All concur.