In re James Dale DEZARN, Annette Goodrich Dezarn, Debtors.

James Dale DEZARN, et ux., Plaintiffs,

v.

FIRST FARMERS BANK OF OWENTON, Defendant.

Bankruptcy No. 86–00266.
Adv. No. 88–0023.

United States Bankruptcy Court,
E.D. Kentucky,
Frankfort Division.

Oct. 25, 1988.

Robert G. Defusco, Williamstown, Ky., for debtors/plaintiffs.

Mark Miller, Nicholasville, Ky, trustee.

John P. Watz, Lexington, Ky., for defendant.

MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This adversary proceeding is before the Court on the plaintiffs' motion for summary judgment and the defendant's motion to dismiss. The Court having reviewed the memoranda filed by the parties and for the reasons set forth below, concludes that the plaintiffs' motion for summary judgment be sustained and the defendant's motion to dismiss be overruled.

A brief summary of the facts giving rise to this adversary proceeding is required. On June 25, 1984, a certificate of deposit was purchased for $761.20 at the First Farmers Bank and Trust Company ("First Farmers Bank") in Owenton, Kentucky. The certificate of deposit was made payable to Jimmy Dezarn ("debtor") and reflected his signature, as well as his social security number. Later, in August of 1985, the debtor borrowed $5,012.50 from First Farmers Bank, which was secured by a secondary lien on a 1985 Toyota Corolla and a 1978 Oldsmobile.

The debtor and his wife, Annette Dezarn, filed for Chapter 7 relief on August 18, 1986. First Farmers Bank filed a proof of claim in the case listing the sum of $4,344.51 as still due and owing under the promissory note and further, listed as security a bank account, the certificate of deposit, 1985 Toyota Corolla and a 1978 Oldsmobile. When the certificate of deposit matured in June of 1987, the debtor reinvested the principal and interest in another certificate of deposit due to mature in six months. By First Farmers Bank's own admission, it made no attempt at that point to setoff the matured certificate of deposit against the car loan.

The debtors received their discharge on November 20, 1987. Shortly thereafter, the reinvested certificate of deposit matured, and the bank exercised its right of setoff by retaining the $1,044.08, which represented the face value of the certificate on the date of its maturity.

On January 26, 1988, the debtors filed an adversary proceeding against the bank for contempt for violating the discharge order by withholding property of the debtors as partial satisfaction of a debt which had been discharged. Later, the debtors filed a motion for summary judgment based on two possible legal theories. First, the debtors argue that the certificate of deposit was not an item subject to setoff under the case of *American Bank and Trust Company v. Shouse and Burris,* 648 S.W.2d 540 (Ky.1983). Secondly, the debtors argue that the entry of a discharge order prevented the bank from exercising any rights of setoff.

On July 6, 1988, the defendant filed its own motion to dismiss and response to the plaintiffs' motion for summary judgment, contending that no provision in the Code precludes it from exercising its state rights of setoff after the case is closed and the automatic stay is lifted.

Motions for summary judgment are sustained only where there exists no genuine issues of material fact, thereby entitling a party to judgment as a matter of law. *Matsushita Electric Industrial Co., Ltd. v. Zenith,* 475 U.S. 574, 106 S.Ct. 1348,

89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, there is definitely a dispute as to who purchased the certificates of deposit and when they were purchased. However, copies of the actual certificates of deposit were attached to the brief filed by First Farmers Bank and, therefore, we take judicial notice of the names and dates evidenced thereon. Since there is no other material fact in dispute, this case is ripe for summary judgment.

The sole issue in this case is whether the bank had a right to setoff the value of the certificate of deposit against the indebtedness it was due by the debtor which was discharged in bankruptcy. In the Bankruptcy Code, setoff is addressed in § 553, which states, in pertinent part, as follows:

"(a) Except as otherwise provided in this section and in Sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ..."

The purpose behind the enactment of § 553 was to preserve a creditor's state law rights of setoff in bankruptcy cases subject only to the provisions of § 362 and § 363 of the Code. (HR Rep. No. 95–595, 95th Cong., 1st Sess. 377 (1977); S.Rep. No. 95–989, 95th Cong.Ld.Sess. 91–92 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787).

The conflict that arises in this case is between § 553 and the discharge provisions of § 524, which state, in part, that a discharge in a case operates as an injunction against the commencement or continuation of an action to offset any such debt as a personal liability of the debtor. In essence, the effect of the discharge provision of § 524 is to extinguish the debt by enjoining creditors from all collection efforts including setoff after entry of the discharge order.

■ The bank cites the case of *In re Slaw Construction Corp.*, 5 C.B.C.2d 1617, 17 B.R. 744 (E.D.PA 1982) for the proposition that § 553 allows the setoff of mutual debts, both of which arose prepetition, regardless of when the setoff occurs. The Court in *Slaw* explained:

"Although this would seem inconsistent with the language of § 524(a)(2) which prohibits the use of a discharged debt as a setoff, § 553 of the Code states that the right of setoff is preserved notwithstanding any other section of the Code except for certain limited exceptions."

We disagree. A bank's right to setoff is simply a right to retain possession of the general deposits of a depositor in the event of insolvency and to apply those deposits to an indebtedness due it by the depositor. If the indebtedness due the bank becomes discharged in bankruptcy, then a bank no longer has any setoff rights against that particular indebtedness since the debt no longer exists.

■ Curiously, the bank admits in its brief that "the only rights which the creditor has past discharge are to enforce its lien rights." (Brief of First Farmers Bank at p. 4). If, in fact, the bank's right of setoff created a valid lien on the certificate of deposit, then we would agree with the bank that its right to enforce that lien survives the entry of the discharge order.

However, we do not believe that a creditor's rights of setoff equate to having a lien on property. In the case of *Louden v. Iowa–Des Moines Nat. Bank & Trust Co.*, 10 F.Supp. 430, aff'd., 84 F.2d 856 (8th Cir.) cert. denied, 299 U.S. 584, 57 S.Ct. 109, 81 L.Ed. 430 (1936), the Court clearly distinguished between a bank's right of setoff and a lien by commenting as follows:

"It is true that some of the courts speak of the right of a bank to retain possession of money on deposit with it in the event of insolvency and to apply it on an indebtedness due it by the depositor as a 'lien'" ... However, this cannot be taken in any view as a lien similar to that of a vendor's lien or an adjuster's lien; but, if it is a lien at all, it is what the words indicate, a "possessory lien", which means only that the bank had a right to hold and retain possession of the deposit for the application of the proper setoff ... (The Court then cites to 7 Corpus Juris, P. 653 for the following rule)

As a general rule, a bank may look to deposits in its hands for the repayment of any indebtedness on the part of the depositor and may apply the debtor's deposits on his debts to the bank as they become due. While the universal recognition of this rule has led the courts on a few occasions to make a general statement to the effect that a bank has a lien on deposits, the more accurate view appears to be that this right of a bank is not really in the nature of a lien, but is rather a right of setoff or application of payments. The exercise of the right is optional with the bank.

Accordingly, we conclude that First Farmers Bank has violated the discharge order by retaining the $1,044.08 as an offset against the car loan that was discharged in bankruptcy. We order the bank to refund the debtors the sum of $1,044.08 plus interest at the legal rate pursuant to 28 U.S.C. § 1961. Further, we award costs to the debtors but denied their request for attorney fees.

### ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS ORDERED that the plaintiffs' motion for summary judgment be, and hereby is SUSTAINED.

IT IS FURTHER ORDERED that the defendant's motion to dismiss be, and hereby is OVERRULED.

IT IS FINALLY ORDERED that First Farmers Bank of Owenton shall refund the debtors the sum of $1,044.08 plus interest at the legal rate pursuant to 28 U.S.C. § 1961. Further, we grant the debtors' request for costs and deny their request for attorney's fees.

This is a final and appealable Order, and there is no just cause for delay.