*Hanson*, for plaintiff; *Allan*, for defendants.

---

McChord, &c. *vs.* Fisher's heirs.

ERROR TO FLEMING CIRCUIT.

Judge HISE delivered the opinion of the court.

1. A guardian cannot sue in his own name, either at law or in chancery. He must sue in the name of the infant "by his guardian;" so when the suit is brought by *prochein ami*.

2. Heirs and distributees cannot sue at law to recover the personal estate unadministered; though they may, in equity, sue the administrator and debtor when the former violates or neglects his duty.

3. An andministration granted in a different county from that in which the decedent was domiciled at his death, and in which

McChord, &c.
vs.
Fisher's heirs.

the decedent had no estate, confers no authority. Though a bond given by such an administrator is binding upon him and his sureties, not as a statutory, but as a common law bond, being upon good consideration and not against the policy of the law.

4. Such an administrator has no right to claim a refunding bond before paying out assets received.

1. A guardian cannot sue in his own name, either at law or in chancery. He must sue in the name of the infant "by his guardian;" so when the suit is brought by prochein ami.

A guardian cannot sue at law or in chancery as plaintiff or complainant, in his own name alone, to recover the ward's estate from either an administrator or executor, or from a former guardian who may be removed from office, or from any other person who may have adverse possession of the ward's real or personal estate; the suit must be in the name of the infant entitled, by his guardian or prochein ami.

The suit in this case was brought and prosecuted in the name of the guardian alone, the wards not being made parties in any way. This was erroneous. Infants prosecute suits by a next friend or guardian, to recover their property or estates, and defend by a guardian ad litem. But in the first case, the infants must be plaintiffs or complainants, suing by a next friend or guardian; and in the second case, they must be made defendants and served with process, and then make defense by a special guardian appointed for that purpose. It is true that a stranger, friend, or relation, and the testamentary or statutory guardian may, any or either of them, sustain this relation to infant plaintiffs or complainants, and institute and prosecute suits at law or in equity, in their names and on their behalf as next friend; but in either case, the infants entitled, or beneficially interested, must be the actual parties, complainants or plaintiffs, suing as such by their prochein ami, or guardian, whose right and duty it is to manage and prosecute the suit for their benefit, under the supervision and subject to the powers of the court to remove him for incapacity or improper conduct, and to substitute a more faithful and competent person in his stead.

2. Heirs and distributees cannot sue at

Heirs and distributees cannot, in their own names, in law or equity, prosecute suits to recover the unadministered estate of the intestate, or to collect debts;

but such suits can only be maintained by the personal representative who has qualified as such, if there be one, or, if not, by one or more to be appointed to administer; except in cases where the distributees may sue in equity to recover the estate, or portions thereof, because, although there be an administrator or administrators, &c., they refuse to administer upon the estate sued for, or to prosecute suits for the recovery thereof; and in such cases the personal representatives are necessary parties.

In this case it appears there is an administrator duly appointed by the Mason county court; but he is not made a party to the suit by the guardian, nor is it alleged in the bill that he, being informed of his right to the money in the hands of the defendant, Joshua Fisher, refuses to collect it by suit or otherwise; for this reason, also, this suit cannot be maintained by the present complainant.

It appears from the oral and record evidence presented in this case, that the intestate, Jesse Fisher, resided in the county of Mason, and there died, and that all his personal estate was in that county at the time of his death. The defendant Joshua Fisher, was appointed as administrator of Jesse Fisher's estate by the Fleming county court, and his two bonds were, by him, with his co-defendants, Price and McChord as securities, in the usual form, executed in that court. The county court of Fleming had no power or jurisdictional authority to make such appointment—(see 10th section of the act of 1797, 2 Statute Laws, 1541, and the 29th section of the same act, 1 Stat. Laws, 661.) Hence Joshua Fisher could not, and did not take the office of administrator under such void appointment, and his original bond, in which Price is his security, and the additional bond, in which McChord is security, the latter executed in obedience to an order of the Fleming county court requiring additional security, are neither of them valid as statutory bonds; but they are, nevertheless, good and binding, both as to the principal and his securities, under the general

McChord, &c.
vs.
Fisher's heirs.

law to recover the personal estate unadministered; though they may, in equity, sue the administrator and debtor when the former violates or neglects his duty.

3. An administration granted in a different county from that in which the decedent was domiciled at his death, and in which the decedent had no estate, confers no authority. Tho' a bond given by such an administrator is binding upon him and his sureties, not as statutory, but as common law bonds, being upon good consideration and not against the policy of the law.

law, and as not violative of or inconsistent with public policy.

Therefore, although Fisher's appointment as administrator be void, and although the county court of Fleming county, had no jurisdiction to make the appointment, and take the bonds, yet a suit may be prosecuted and maintained by the true administrator of the estate of Jesse Fisher, deceased, or in a proper state of case made out, as above indicated, by the distributees, against Joshua Fisher and his securities, to recover the estate; and the securities may be held liable upon the said bonds, (though payable to the commonwealth,) as binding under the general law, as not contrary to its policy, and as executed upon a good and sufficient consideration; and McChord, as security in the bond given upon a requisition for additional security, would be equally responsible with Price for all the intestate's estate in the hands of Joshua Fisher, whether received by him before or after the date of the bond which he executed.

*4. Such an administrator has no right to claim a refunding bond before paying out assets received.*

The defendant, Joshua Fisher, had no right to demand, or to have tendered to him, refunding bonds from the distributees, as a precedent condition to his being compelled to pay over to the rightful administrator, or to the distributees, the estate of the deceased in his possession, because, his appointment being void, he was not administrator, and he had received and held the money collected by him wrongfully.

But, for the errors indicated herein, the decree is erroneous. Decree reversed, and cause remanded that the complainants' bill be dismissed without prejudice to the rights of the administrator or of the distributees of Jesse Fisher, deceased.

*Cavan, Cox, & Dulin,* for plaintiffs; *Cord & Walker,* for defendants.