JUDGE PETERS
delivered the opinion on the oodrt:
It is very clearly established by the evidence that in August, 1861, Elijah Sullivan, then being in possession of the land in controversy, contracted to sell it to appellant for a valuable consideration ; and in September or October of that year put him in possession of it, and he was so possessed on the 13th day of June, 1862, the date of the deed from Sullivan to appellees for the same land.
If appellees had contracted with Sullivan for the land prior to the date of said deed, it is not shown in this record that appellant had any notice of it whatever, either constructive or actual. They do not show that they had ever been in possession of the land.
But even if the foregoing obstacle could be removed, there appears to be another insuperable difficulty in their way. They failed, by sufficient evidence, to show that they had, in fact, contracted for the purchase of the land in 1860. The witness who wrote their deed only proves a paper, purporting to be a bond for a title from Sullivan to appellees, was produced by them when he wrote the deed. He does not prove the date of that paper, or that it ever had a date; nor does he prove it was executed by Sullivan, or that appellees ever paid one cent for the land, or were bound to pay any thing for it; so that if it had been shown to have, in fact, been executed by Sullivan prior to appellant’s bond, there is no proof of a consideration to uphold it.
The deed, without a previous contract for the land upon a valuable consideration, will not avail appellees, *610 because at its date appellant was in possession of the land under his contract of purchase, which was constructive notice of his claim to the land. Moreover, the fecitals in their deed of the consideration paid for the land might be evidence of the fact between the parties to the instrument, but is no evidence of the fact between th'e grantees and third parties, and strangers to the transaction. (Edwards vs. Ballard, 14 B. M., 289.)
It is apparent, therefore, that appellees wholly failed to show a superior equitable title to the land, and having procured the legal title after appellant had acquired, by his contract, a superior equity, the court below should have required appellees to surrender the legal title, and should have dismissed their cross-petition and proceeded to confirm and perfect the sale under the judgment of foreclosure of Carter’s mortgage.
Wherefore, the judgment is reversed,' and the cause • is remanded for further proceedings consistent herewith.