CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
The sheriff had sold the property levied on by virtue of the three executions, and had returned them with the sale-bond to the clerk’s office. His power as sheriff to control the sale, and the bond taken under it, ceased with the return. The bond was not void, but was irregular because of the fact that it was taken for the aggregate amount and was made payable jointly to the three execution creditors. It might have been quashed by proper proceedings, and the purchaser might have been required, possibly, to restore the possession of the property to the sheriff.
'But the sheriff, having lost all conti’ol over the subject, could not, even with the consent of all the parties in interest, destroy the irregular bond and take separate bonds payable to *498 each of the execution creditors, and by so doing impart to them the legal qualities of sale-bonds taken pursuant to the statute.
The bonds so taken may be supported by a good consideration, and it may be they are enforceable by actions in court, but they are not statutory sale-bonds, and therefore the clerk had no legal authority to issue executions upon them, and the executions so issued are unauthorized and void.
The judgment is reversed and the cause remanded with instructions to the chancellor to perpetually enjoin the appellees from attempting to collect said bonds by execution.