R. L. SPILLMAN, ET AL., *v.* SAMUEL SWANGO, ET AL.

**Recitals in a Deed—Consideration.**
The recitals in a deed import a valuable consideration paid for the land as between the parties to the deed, and also to strangers when the deed is prior in date to the equity asserted against it, otherwise when the equity asserted is prior in date.

**Confession and Avoidance—Burden of Proof.**
A plea that the defendant is an innocent purchaser is in the nature of a confession and avoidance, in which the burden of proof is always on the party pleading it.

APPEAL FROM WOLFE CIRCUIT COURT.

November 1, 1878.

RESPONSE BY JUDGE COFER:

Counsel is mistaken when he says the recitals of the deed from Gregory to appellants imports a valuable consideration paid for the land, and the onus was on the appellees to rebut the presumption raised by the recitals. This is true as between the parties to the deed, and is also true as to strangers when the deed is prior in date to the equity asserted against it, but is not true when the equity existed prior to the date of the deed.

A plea that the defendant is an innocent purchaser is in the nature of a confession and avoidance, in which the burden is always on the party pleading it. This case well illustrates it. The contract between the appellees and Sewells has been decided to be fraudulent, and the appellants can derive no valid title from Sewells because they did not have such a title.

But they may say, notwithstanding Sewells' title was invalid because procured by fraud, and notwithstanding the conveyance from Sewells to Gregory was voluntary, our title is good and we ought to be protected because Sewells had a title valid on its face, and we bought and paid for it without notice of Sewells' fraud. The only merit in the defense they pleaded was in the alleged fact that they had paid for the land in ignorance of the fraud, and they were bound to prove the payment of the consideration. That is an affirmative fact which lies in their knowledge, and not in the knowledge of the appellants, and reason as well as authority casts the burden on them. *Halstead v. Bank of Kentucky*, 4 J. J. Marsh. 554: *Royal v. Miller*, 3 Dana 56.

The recitals in the deed of the payment of the purchase money is no evidence against the appellees of the fact recited. *Mitchell v. Maupin*, 3 T. B. Mon. 185; *Goins v. Allen, Morton & Company*, 4 Bush 608; *Whitaker v. Garnett*, 3 Bush 402. Petition *overruled*.

*John T. Hazelrigg, for appellants. H. C. Lilly, for appellees.*