## THOMAS G. SOWARDS, ET AL., v. COMMONWEALTH.

**Suit to Set Aside Conveyance—Consideration of Conveyance.**

The recital in a deed that it was founded on a valuable consideration is good and binding between the parties to it, but is no evidence that such consideration has been paid in a contest between a stranger to the conveyance and the parties to the deed.

APPEAL FROM PIKE CRIMINAL COURT.

December 6, 1878.

OPINION BY JUDGE ELLIOTT:

Thomas G. and John W. Sowards entered into a recognizance for the appearance of Thomas Maggard in the Pike Criminal Court at its September term, 1876, to answer a charge of grand larceny, and

John W. Sowards entered into a like recognizance for the appearance of Martin Sowards at the same time to answer a charge of grand larceny. The first recognizance was for $400 and the second for $700.

Neither Maggard nor Martin Sowards appeared at the time specified in the two recognizances, and they were forfeited and judgments obtained against Thomas G. and J. W. Sowards at the March term of the Criminal Court, 1877.

This suit was brought against Thomas G., J. W. and Jefferson Sowards, with a view to set aside some conveyances made by Thomas G. and John W. Sowards to Jefferson Sowards for fraud,· and an attachment was raised and executed in the case.

Appellants, Thomas G. and John W. Sowards, conveyed several tracts of land to Jefferson Sowards on the 1st of September, 1876, and these conveyances being attacked as having been made with the fraudulent intent to cheat, hinder and delay creditors, the case was submitted without any evidence to the court, and he adjudged the conveyances fraudulent.

As there was no evidence that Jefferson Sowards obtained either of the deeds for a valuable consideration, coupled with the admitted fact that neither Maggard nor Martin Sowards appeared at the court in discharge of their cognizances, and the further faet that these deeds were made just before the term to which they were recognized to appear, authorized the judgment. The recital in these deeds that they were founded on a valuable consideration was good and binding as between the parties, but was no evidence that such consideration had been paid in a contest between a stranger to the conveyances and the parties to the deeds. *Goins v. Allen*, 4 Bush 608.

But John W. Sowards alleged that all the land in dispute in this litigation adjoined and constituted one tract, and that he resided thereon and was a housekeeper with a family, or at least we think his averments amount to such an allegation, and if so it was error in the court to adjudge that all the lands in dispute should be sold in satisfaction of the appellee's judgments, as in this class of cases the appellant is entitled to the benefit of the homestead exemption law, as decided by this court in the case of the *Commonwealth v. Lay*, 12 Bush 283.

The appellant having alleged that he was a housekeeper with a family, and that he resided on the land in dispute, and the appellee

having failed to deny this affirmative allegation as is required by Section 112 of the Civil Code of 1877, it should have been taken as true, and the court should have directed that a homestead be set apart to John W. Sowards, and the remainder should be sold in satisfaction of appellee's judgments.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*James M. York, for appellants.  Moss, for appellee.*