CASE 10—ORDINARY—JANUARY 31, 1882.

## Stephens v. Miller, &c.

### APPEAL FROM WARREN CIRCUIT COURT.

1. Although the quarterly court of Warren county had no jurisdiction of the appeal; yet as the effect of the appeal bond is to delay and obstruct appellees in the collection of their judgment, and subjected them to the costs of an additional trial, a sufficient consideration exists to uphold the bond.

2. Section 444 of the Civil Code does not apply to appeal bonds; they must be enforced by an ordinary action upon the bond.

H. I. BEAUCHAMP FOR APPELLANT.

The Warren quarterly court had no jurisdiction of the appeal, and its judgment was void. The remedy sought by appellees upon the appeal bond is not authorized by the Code. Section 444 of the Code makes no provision for appeal bonds. (3 J. J. Mar., 377.)

J. M. TYLER FOR APPELLEES.

It will be observed that both of the objections of appellant are based upon purely technical grounds. Although the Warren quarterly court had no jurisdiction, appellee took his appeal to it, and is con-

cluded by the appeal. The Civil Code, section 444, authorizes the summary remedy by motion. (2 Littell, 310; 13 Bush, 366; Gen. Stat., 292.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Runner sued the Millers in the justice's court, and judgment having been rendered against him for costs, he executed bond, with appellant as surety, conditioned to perform the judgment of the court, and prosecuted an appeal to the quarterly court, where judgment was again rendered against him for costs.

After execution and return of "no property found" against Runner, the appellees, upon notice and motion in the quarterly court, obtained judgment against the appellant as surety on the appeal bond for the amount of the unpaid judgment against Runner, the principal.

The appellant then appealed to the circuit court, which rendered a like judgment against him, and he has appealed from that judgment to this court.

It is urged, first, that the judgment of the quarterly court was void, as it had no appellate jurisdiction over the judgment of the justice, and that the appeal bond is not therefore obligatory upon the appellant.

It is true that section four of the act of March 20th, 1876, provides that no appeal shall be taken from the judgment of a justice of the peace to the quarterly court in certain counties, among which is Warren; yet the appellant executed the bond with the principal, whereby the latter obtained delay and obstructed the collection of the judgment against him, without the consent of appellees, and subjected them to the additional expense of a second trial, and thus a sufficient consideration to uphold the bond is manifested, and it is not void.

An analogous case is found in 2 Littell, 306, Stevenson v. Miller, in which this court held that a bond executed in order to obtain a void injunction was not therefore void, but was a good bond for the costs.

In Hughes' adm'r v. Hardesty, the appeal was prosecuted directly to the circuit court from the justice's court under an unconstitutional law; yet the court held that the appellant waived his objection to the jurisdiction of the circuit court by failing to move to dismiss and consenting to a trial.

Here Runner actively sought the jurisdiction, and also procured a trial in the quarterly court, which are much stronger facts to sustain a waiver of his objection to that court's jurisdiction than the mere failure of a party who did not seek the jurisdiction to object to it, and his consent to a hearing.

The quarterly court could have taken no cognizance of the appeal against the consent of the appellees and the concurrence of the appellant.

And we are of the opinion, whether the quarterly court had any appellate jurisdiction or not of the subject-matter, the conduct of the appellant and his principal estops them from denying the validity of this bond, supported as it is by a valuable consideration.

The second error assigned is in substance that the summary proceeding of notice and motion authorized by section 444 of Civil Code, cannot be resorted to as a remedy to enforce the rights of appellees growing out of the breach of the bond.    In this we concur.

Where duties and liabilities are statutory, and no specific remedy is provided for their enforcement, the substance of

the common law embraced by the forms of action under our Civil Code must be the remedy resorted to. (3 J. J. Mar., 378; 4 Bush, 608.)

By section 444 of the Code judgment may be obtained, on motion, "by a party or officer against a surety for costs," and it is contended by appellees that this provision authorizes the summary remedy by motion on an appeal bond.

It cannot be denied that the agreement in the bond to satisfy and perform the judgment of the court embraces the costs of the action or special proceeding, as well as the debt and interest, but this fact does not make it a "bond for costs," or an instrument by which security for costs is evidenced, either in the sense of section 444 or chapter 1 of title 14, entitled "Security for Costs."

The fact that appeal bonds are for a distinct and much more important purpose than bonds which are given merely to secure the costs, and that the special provisions of a chapter of the Code, entitled "Security for Costs," refer alone to the latter class of bonds, and that the terms "a surety for costs," as used in section 444, *ibid*, so aptly relate to that chapter, leave but little room for speculation on the meaning of said section.

It does not embrace appeal bonds, for the enforcement of which an ordinary action is the proper remedy, as there is no statute providing a different remedy on such instruments.

Therefore, the judgment is reversed, and cause remanded, with directions to dismiss the proceeding without prejudice.