## Wallins Creek Collieries Company v. Marshall, et al.
## Wallins Creek Collieries Company v. Ward, et al.

(Decided November 19, 1926.)

### Appeals from Harlan Circuit Court.

1. Appeal and Error—Coal Mine Employees, Asserting Joint Claims Against Employer, Held to Have no Interest in Separate Judgment Entered for Benefit of Any One Employee.—Where em-

ployees of coal mines asserted claims to excess compensation by suing together, none of them had interest in separate judgment entered for benefit of any other, since only entitled to execution for amount of own judgment.

2.  Appeal and Error.—Separate claims of different parties against one defendant cannot be added together to give Court of Appeals jurisdiction, under Kentucky Statutes, section 950-1, requiring $500.00 controverted amount.

3.  Appeal and Error—Plaintiffs, Suing Together for Excess Compensation from Coal Company for Amounts Under $500.00, Held Not Entitled to Appeal Right (Kentucky Statutes, Section 950-1). —Plaintiffs suing together in action for excess compensation from coal mining company, could not, as matter of right, appeal to Court of Appeals, in view of Kentucky Statutes, section 950-1, requiring that controverted amount appealable be $500.00 or more; none of amounts claimed being as much as $500.00, and those having claims over $200.00 not having requested permission to appeal as provided by section, supra.

4.  Appeal and Error—Defendant in Action by Coal Mine Employees Suing Together for Excess Compensation Held Not Entitled to Appeal, Plaintiffs Not Having Such Right (Kentucky Statutes, Section 950-1).—Since all plaintiffs suing together to recover excess compensation from coal mining company, as matter of right, could not appeal because under Kentucky Statutes, section 950-1, $500.00 was minimum controverted amount appealable to Court of Appeals, unless right was granted upon motion for amount over $200.00, none of amounts claimed being as much as $500.00 and no motion for appeal having been granted, defendant against whom judgments were entered had no right to appeal.

5.  Appeal and Error.—Where circuit court has jurisdiction to enter judgments, Court of Appeals, having no jurisdiction, under Kentucky Statutes, section 950-1, will not discuss correctness of rulings leading to entry.

N. R. PATTERSON, HALL, JONES & LEE and WOODWARD, WARFIELD & HOBSON for appellant.

J. S. FORESTER, MORRIS & JONES and J. B. SNYDER, for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Dismissing appeals.

Appellant in 1922 operated in Harlan county its Bear Branch Mine and its Comet Mine. The appellees in one of these appeals were its employees at the Bear Branch Mine, and those in the other its employees at its Comet Mine.

There are about forty of the employees who are plaintiffs in one action, and something over a hundred in

the other action, but these appeals present in each case practically the same question.

The plaintiffs in each case were members of local unions of the United Mine Workers of America, and prior to April 1, 1920, were working under what is refer-red to as the wage scale contract of 1917.   In April, 1920, another contract fixing the wage scale in this area was entered into to be effective up to March 31, 1922.   During the latter part of that two years there was some controversy between the operators and the miners which resulted in the closing down of the mines for some weeks prior to the expiration of that two year period.   The wage scale under the 1920 contract was higher than that under the 1917 contract, and at the expiration of the 1920 contract on the 1st of April, 1922, as alleged by the plaintiffs in each action, the miners again went to work in these two mines under what they claim to be an agreement with appellant by which they were to receive the 1917 wages up to a time in the future when there was to be a new contract entered into, and that at such time if the new contract fixed a wage scale in excess of the 1917 scale then appellant was to pay them retroactively under the new scale so fixed, beginning the 1st of April, 1922. In August, 1922, a new wage scale contract was entered into and was fixed upon a basis in excess of the 1917 scale, and these actions by the miners of the two mines mentioned were brought to enforce that agreement, and to adjudge to each of the plaintiffs in the two actions an amount representing the excess of the new wage scale over the 1917 wage scale during the period from April 1st, 1922, to August 1st, 1922.

In each of the cases other claims were asserted by the miners, but such other claims were all denied them by the judgment of the circuit court; but that court did by its judgment uphold their claim for such excess compensation during the period from April, 1922, to August, 1922, and from such judgments this appeal is prosecuted by the defendant, and there is no cross appeal.

Each of the petitions sets out the amount alleged to be due each plaintiff, and alleges that defendant is indebted to each of the plaintiffs in the amount set opposite that plaintiff's name, and the prayer was not only for a separate judgment for each of the plaintiffs for the amount set opposite his name, but for the aggregate amount shown to be due to them all.   The court in its

judgments entered no judgment for an aggregate amount, but entered judgments adjudging to each of the plaintiffs in each of the actions a judgment for the amount due him as the difference in wages during the period involved under the wage scale of 1917 and the higher wage scale, and adjudging to each of the plaintiffs severally the amount due to him individually. In the Ward case each amount adjudged the individual plaintiff is less than $200.00, while the aggregate amount is several thousand dollars; while in the Marshall case no amount adjudged to any individual is as much as $500.00, although the aggregate amount of them all is several thousand dollars.

The appellees in each case have entered a motion to dismiss the appeal because this court, under the provisions of section 950 of the Ky. Stats., has no jurisdiction of either of them. It is obvious that each of the suits is one by a number of plaintiffs asserting separate claims coming to them because of a breach by the same defendant of a contract made for their several benefits, and equally obvious that the trial court so treated it.

It is clear, therefore, that neither of the plaintiffs has any interest in any separate judgment entered for the benefit of any other plaintiff, for if any plaintiff desired to enforce the separate judgment in his behalf he would be entitled to an execution only for the amount of that judgment, and not to an execution upon any of the other judgments entered separately for the benefit of the other plaintiffs.

Subsection 1 of section 950 Ky. Stats. provides:

"No appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property, or any interest therein, or to enforce any lien thereon, if the value in controversy be less than $500.00, exclusive of interest and costs; . . . Provided, however, that the Court of Appeals may grant an appeal . . . if the value of the amount or thing in controversy, exclusive of interest and costs, is as much as $200.00."

Plainly this provision denies to this court appellate jurisdiction, as matter of right, of a judgment for money which is less than $500.00, but grants to this court authority to entertain a motion for and to grant an appeal from

a money judgment if the amount be for $200.00 and less than $500.00. Each of the appeals in question was granted by the lower court, and in no instance has appellant entered a motion in this court to be granted an appeal from any judgment entered by the lower court between $200.00 and $500.00.

It has many times been written by this court that separate and distinct claims of different parties against one defendant can not be added together so as to give this court jurisdiction on appeal. Clearly, therefore, if the lower court had dismissed the petition of the plaintiffs in these two actions, who had asserted numerous amounts coming to them severally, there being no single plaintiff whose claim had amounted to $500.00 or more, no one of them would have had a right to prosecute as a matter of right an appeal to this court; but if those having asserted claims between $200.00 and $500.00 had filed their records and entered motions for an appeal in this court it would have had jurisdiction to grant such appeals only. Then as these plaintiffs who were prosecuting their several claims in the circuit court and who were granted separate judgments in that court, could have had no right to prosecute an appeal as a matter of right, obviously the defendant against whom those several judgments were entered ought not to have that right.

It is true that this court has held that where one taxpayer who sues for his own and the benefit of others, to recover an illegal tax levied and collected from them all, the amount in controversy is the amount of the entire trust fund sued for. Com. v. Scott, 112 Ky. 252. And it has likewise held that where several creditors filed a joint petition against their common debtor and his transferee asserting a claim against a fund in the hands of the transferee, and a judgment is entered against him subjecting that fund, on an appeal by the transferee the amount in controversy is the amount of the trust fund subjected to the claims of the creditors by the lower court, although the several claims of the plaintiffs were insufficient to give jurisdiction on appeal. Singletary v. Boerner-Morris Candy Co., 129 Ky. 556.

But there is no effort by the plaintiffs in these two actions to recover or subject to their claims any trust fund; on the contrary, they are each asserting separate and distinct claims against the same defendant growing

out of that defendant's breach of a contract made for their several benefits.

The case of Batman v. Louisville Gas & Electric Co., 187 Ky. 659, was an action brought by Batman for himself and other gas consumers in Louisville, seeking to recover from the gas company the amount of certain discounts provided for in its franchise when the pressure of gas fell below fixed standards. The relief asked in the lower court was for separate money judgments in favor of the plaintiff and the others for whom he sued, each being less than $50.00. The lower court sustained a special demurrer to its jurisdiction, and this court in a well considered opinion affirmed that judgment. After a lengthy consideration of the authorities on the subject this court said in discussing section 25 of the Civil Code that that section never conferred jurisdiction, but only permits one or more proper parties to an action in a court having jurisdiction, to sue or defend for all (1) where the subject matter of the litigation is of common or general interest to many persons, and (2) where the parties are numerous and it is impractical to bring them all before the court. The court also said:

"It is therefore clear under the authorities in this state that the mere fact that separate claims of different parties for money arises under a common title and involve the same question of law and fact is not sufficient to confer jurisdiction upon a circuit court it otherwise would not have."

In this case, however, the circuit court did have jurisdiction, and of course had jurisdiction, as it did, to pass upon its own jurisdiction, and entered separate judgments in each of which the amount asserted gave it jurisdiction.

Applying the reasoning in that case to this, this court has no jurisdiction to add the amount of these several judgments for the several plaintiffs together in order to give it jurisdiction of these appeals. This question was considered in the case of Covington Bros. & Co. v. Jordan, 125 Ky. 73. There separate suits by creditors of the alleged owner of a judgment were consolidated, but upon a jury trial it was determined that the assignee of their creditor was the owner of the judgment. On an attempted appeal to this court by the creditors their appeal was dismissed upon the ground that the amounts of

their several claims could not be added together so as to give them the right to appeal to this court.

This court having no jurisdiction of either of these appeals, has no power to review the action of the lower court in determining the preliminary questions which led up to the entry of the judgments attempted to be appealed from. In other words, the circuit court having the jurisdiction to enter the separate judgments it did enter, and this court having no jurisdiction of the appeals therefrom, will not discuss the correctness of the rulings leading up to their entry.

The appeal in each case is therefore dismissed.