## W. T. Sistrunk & Company v. Whitaker.

(Decided February 25, 1927.)

### Appeal from Perry Circuit Court.

1. Execution—Where Bond of Purchaser at Execution Sale Ran to Sheriff Instead of Plaintiffs in Execution, Surety Could Enjoin Sale of His Land in Execution Under Bond (Ky. Stats., Section 1674).—Where purchaser at execution sale executed bond for balance of stock of goods and fixtures purchased, made payable to sheriff, instead of plaintiff or plaintiffs in execution as prescribed by Ky. Stats., section 1674, surety could enjoin sale of his land in execution issued under bond, as bond, though enforceable as common law obligation, could not be enforced by issuance of execution.

2. Execution—Bond of Purchaser at Execution Sale, Payable to Sheriff, Though Not Statutory Bond, Held Good Common-Law Obligation (Ky. Stats., Section 1674).—Bond of purchaser at execution sale for part of purchase price, made payable to sheriff instead of plaintiffs in execution as prescribed by Ky. Stats., section 1674, though not enforceable by issuance of execution as statutory bond, held good common-law obligation enforceable by action thereon.

WILSON & WILSON for appellant.

W. E. FAULKNER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In the fall of 1925 the sheriff of Perry county had in his hands some 18 or 20 executions in favor of that many parties, and for different amounts, against J. C. Whitaker. Three of the executions were on replevin bonds, and the remaining ones on judgments.

The executions were all levied by the sheriff upon a stock of goods and the fixtures in a store operated by J. C. Whitaker, but there is nothing in the record disclosing any priority in the levying of the several executions. Their aggregate amount was something over $3,600.00, and on November 30, 1925, after advertisement, he sold the stock of goods and fixtures to Lizzie Whitaker for $2,000.00. The purchaser paid in cash the three executions on bonds, amounting to $383.29, and executed a bond for the balance of $1,616.71, payable to the sheriff. He returned the bond together with the executions and his return thereon to the Perry circuit court.

After the bond matured, and on the 2nd of March, 1926, an execution thereon was issued from the Perry circuit court against the principal and sureties in the bond, and payable to "W. T. Sistrunk & Co., etc.," Sistrunk & Company being one of the 18 or 20 plaintiffs in the executions. That execution was levied on the same stock of goods then owned by the principal in the bond, Lizzie Whitaker, and was sold under such execution for $750.00, but there being a landlord's lien for rent against the same for $143.41, it only realized $606.59. Thereafter on the 4th of May, 1926, another execution was issued on this bond against the principal and sureties therein for the same $1,616.71, credited by the $606.59 realized from the previous sale and in favor of "W. T. Sistrunk & Co.," although the bond was not payable to W. T. Sistrunk & Company, and although they were only one of the 18 or 20 execution creditors for whose benefit the bond was issued, and although the total debt of Sistrunk & Company was only $477.08.

This last execution was levied on the lands of one of the sureties in the bond, and that surety brought this action to enjoin the threatened sale of his land under that execution.

The chancellor below granted a temporary injunction, and a motion was made before a judge of this court to dissolve the same, which motion was overruled. Thereafter the chancellor below made that injunction permanent, and this is an appeal from such action.

While under the provisions of section 1674, Ky. Stats., such a bond is required to be made payable to the plaintiff in the execution, the fact that the bond was under the circumstances made payable to the sheriff did not make it void, but only tended to deprive it of its quality as a statutory bond, and left it enforceable and good as a common-law obligation. Even if the bond had been taken for the full amount payable jointly to the several plaintiffs in the executions, it would have only been irregular and not void, but would have likewise lost its status as a statutory bond. Such bonds not being statutory bonds may not be enforced by the issual of an execution, although they may be enforced by actions in the court.

Similar questions have several times arisen in this state, and it has been consistently held that while such bonds are irregular and lose the quality of statutory

bonds upon which execution may be issued and enforced, yet they are good common-law obligations and enforceable in court. Cooper, etc. v. Hatter, 1 J. J. M. 357; Debard v. Crow, 7 J. J. M. 7; Spradlin v. Pieratt, 12 Bush 496.

It results that the execution issued in favor of Sistrunk & Company on this bond was unauthorized, and that the judgment of the chancellor perpetually enjoining its enforcement was correct.

Judgment affirmed.