## Holliday, et al. v. Whittaker, et al.

(Decided January 17, 1928.)

Appeal from Perry Circuit Court.

Execution.—Where purchaser, at execution sale, executed bond for balance of stock of goods and fixtures purchased, made payable to sheriff instead of to plaintiff's in execution, as prescribed by Ky. Stats., sec. 1674, such bond was enforceable against sureties as a common-law obligation in suit by sheriff setting out amount of executions in favor of judgment creditors, and praying

judgment in name of obligee for benefit of execution creditors named.

WILSON & WILSON and M. K. EBLEN for appellants.

H. C. EVERSOLE and W. E. FAULKNER for appellees.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Reversing.

Eighteen or twenty executions issued from the Perry circuit and quarterly courts in favor of different parties against J. C. Whittaker, three of which were on replevin bonds. These were placed in the hands of Tolbert Holliday, as sheriff of Perry county, who levied them without references to priority on a stock of goods and fixtures belonging to the defendant in the execution. Lizzie Whittaker became the purchaser at the execution sale at the price of $2,000, payable $383.29 in cash on those not subject to replevin, and executing a bond payable to the sheriff for the sum of $1,616.71; this bond being returned, together with the execution, to the circuit court. At its maturity an execution issued on this bond, and was levied on the property of Lizzie Whittaker, and $606.59 realized from a sale thereof, which was credited on the bond. Later a second excution issued on the same bond, and was levied upon the farm of one of the sureties, who enjoined further proceedings thereunder; the ground of injunction being that the bond was payable to the sheriff instead of to the judgment creditors; that it was not approved by the officer taking it; and that the execution issued in favor of W. T. Sistrunk & Co., one of the creditors, although the bond was not payable to that company, and was far in excess of its judgment. The circuit court sustained the injunction, and on appeal the judgment was affirmed by this court. See W. T. Sistrunk & Co. v. Whittaker, 218 Ky. 566, 291 S. W. 781. On a return of the case to the lower court, Holliday, as sheriff, brought suit upon the bond as a common-law obligation, setting out seriatim the amount of the executions in favor of each of the judgment creditors and all of the steps taken in the case, and praying for a judgment for the balance due thereon in the name of the obligee in the bond for the benefit of the execution creditors named. Later the various execution creditors filed a supplemental petition, setting out the same facts, and alleging that the bond was executed for their benefit, and asked that they be allowed to recover thereon.

General and special demurrers were sustained to the pleading as amended, and, plaintiffs declining to plead further, the petition as amended was dismissed, and they have appealed. On this ruling the learned judge of the lower court must have misapprehended the language of the former opinion, in which it was said:

"While under the provisions of section 1674, Ky. Stats., such a bond is required to be made payable to the plaintiff in the execution, the fact that the bond was under the circumstances made payable to the sheriff did not make it void, but only tended to deprive it of its quality as a statutory bond, and left it enforceable and good as a common-law obligation. Even if the bond had been taken for the full amount payable jointly to the several plaintiffs in the executions, it would have only been irregular and not void, but would have likewise lost its status as a statutory bond. Such bonds not being statutory bonds may not be enforced by the issual of an execution, although they may be enforced by actions in the court.

"Similar questions have several times arisen in this state, and it has been consistently held that while such bonds are irregular and lose the quality of statutory bonds upon which execution may be issued and enforced, yet they are good common-law obligations and enforceable in court. Cooper, etc., v. Hatter, 1 J. J. Marsh. 357; Debard v. Crow, 7 J. J. Marsh. 7 (22 Am. Dec. 113); Spradlin v. Pieratt, 12 Bush, 496."

That opinion is the law of the case and it clearly authorized the action taken by appellant.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.