## Hardwick Woolen Mills v. Ball Brothers.

### Read Phosphates Company v. Same.

### Federal Chemical Works v. Same.

### Lynchburg Shoe Company v. Same.

### Belknap Hardware Company v. Same.

### H. W. Rountree Bros. v. Same.

### Crescent Stove Works v. Same.

(Decided February 17, 1928.)

### Appeals from Harlan Circuit Court.

1. Appeal and Error.—Where amount in controversy is less than $200, Court of Appeals has no jurisdiction, and motion to dismiss appeal must be sustained.
2. Alteration of Instruments.—Finding that alteration of provision in replevin bonds that judgments be paid within less than three months by substituting the word "six" for the word "three" occurred before bonds were signed by obligors and approved by clerk held not against weight of evidence.
3. Replevin.—Although replevin bonds were invalid under Ky. Stats., section 1667, because they provided that the bonds were payable within six months after date instead of within three months, held that they were enforceable as common-law bonds, and hence orders quashing bonds were erroneous, although executions issued on the bonds were properly quashed.

J. C. BAKER for appellants Federal Chemical Works, Crescent Stove Works, Belknap Hardware Company, and Lynchburg Shoe Company.

ASHER & SHEHAN for Read Phosphate Company and H. W. Rountree & Brothers.

J. C. ADKINS for Hardwick Woolen Mills.

CHAS. B. SPICER for appellees Ball Brothers.

OPINION OF THE COURT BY JUDGE REES—Reversing.

In each of the seven above-styled cases, a judgment was rendered against Floyd Ball and Leslie Ball, partners doing business as Ball Bros., at the October, 1925, term of the Harlan circuit court. On October 31, 1925, Floyd Ball and Leslie Ball executed a replevin bond in each case, with Joe Cawood as surety thereon. At the

expiration of three months, executions were issued upon the replevin bonds, and placed in the hands of the sheriff, and the appellees filed a motion in each case to quash the bond and the execution issued thereon, because the bonds were payable six months after date, and therefore void under section 1667, Kentucky Statutes. The questions of law and fact in all the cases being identical, by agreement of the parties they were heard together.

After hearing the evidence, the lower court sustained the motions of appellees, and orders were entered quashing all of the bonds and the executions issued thereunder. The amount in controversy in each case is less than $500, and a joint motion for an appeal has been filed in this court.

Appellees have filed a motion to dismiss the cases of Belknap Hardware Company v. Ball Bros., Crescent Stove Works v. Ball Bros., and H. W. Rountree & Bros. v. Ball Bros. The amount in controversy in each of these cases being less than $200, this court is without jurisdiction, and the motion to dismiss them must be, and is, sustained.

At the time the replevin bonds in question were executed, the clerk of the Harlan circuit court had in his office a printed replevin bond book; the bonds in their printed form providing that the obligors would satisfy the judgment within three months. At the time the motions of appellees were made to quash the bonds, the printed word "three" was marked out, and the word "six" appeared in handwriting. Appellees Floyd Ball and Joe Cawood testified that, when the bonds were executed, Cawood refused to sign bonds providing for the payment of the judgments within less than six months, and that, while the clerk was out of the office, Ball marked out the printed word "three" and substituted the word "six," and that this was done before the bonds were signed by the obligors and approved by the clerk, and that neither of them then thought the alteration would render the bonds void. The circuit clerk testified on direct examination that none of the bonds had been altered by inserting the word "six" in lieu of the word "three" before he signed and approved them. On cross-examination he testified that he thought the bonds were in regular form at the time he approved them, but admitted that he did not positively know whether the word "three" had been stricken out and the word "six" inserted before he approved the bonds. Three attorneys representing appellants testified that they examined the

bonds a few days after they were executed, and that at that time the alteration referred to had not been made. However, they were examining the bonds primarily to ascertain the name of the surety, and it is possible they may have overlooked in each instance any alteration in the body of the bond. Under these circumstances, we are unable to say that the finding of facts by the court was against the weight of the evidence.

To sustain the ruling of the lower court in quashing the bonds, appellees rely upon the case of Vertrees v. Shean, 2 Metc. 291, but in that case the court only held that a replevin bond payable in six, instead of three, months was not entitled to the force and effect of a judgment, and an execution issued upon it was unauthorized and invalid, but in the opinion the bond was treated as a valid common-law bond, and enforceable against the obligors.

In the recently decided case of Sistrunk & Co. v. Whitaker, 218 Ky. 566, 291 S. W. 781, we had under consideration replevin bonds executed under section 1674, Kentucky Statutes, but made payable to the sheriff instead of to the plaintiff in the execution, as required by the statute, and we held that such irregularity only tended to deprive such bonds of their quality as statutory bonds, and left them enforceable as common-law obligations. In that case we said:

> "Similar questions have several times arisen in this state, and it has been consistently held that while such bonds are irregular and lose the quality of statutory bonds upon which execution may be issued and enforced, yet they are good common-law obligations and enforceable in court."

The appellees executed the bonds in question for the purpose of preventing the issual of executions and postponing the collection of the judgments. The appellants had no executions issued on the judgments, and their forbearance constituted a good consideration. The bonds, therefore, are not statutory bonds upon which executions may be issued and enforced, but they are good common-law obligations. The lower court properly quashed the executions issued on the bonds, but the quashal of the bonds was error.

In Hardwick Woolen Mills v. Ball Bros., Read Phosphates Co. v. Ball Bros., Federal Chemical Works v. Ball Bros., and Lynchburg Shoe Co. v. Ball Bros., the

motion for an appeal in each case is sustained, the appeal granted, and judgment reversed, with directions to enter a judgment in each case in conformity herewith.