Jesús Ayala et al., Plaintiffs and Appellees, v. Martín Martell, Defendant and Appellant.

No. 9140.   Argued April 6, 1945.—Decided May 31, 1945.

Otero Suro & Otero Suro for appellant. Bauzá & Bauzá for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In this case the appellees have filed a motion to dismiss the appeal taken by the employer in an action for wages under Act No. 10 of November 14, 1917 (vol. II, p. 216), as subsequently amended. The appellant was notified of the motion and has filed no objection. The certificate issued by the clerk of the District Court of San Juan discloses the following facts:

Pursuant to said statute, sixteen workmen filed a joint complaint against their employer Martín Martell in the Municipal Court of San Juan, which rendered judgment on March 30, 1944. An appeal was taken to the District Court of San Juan which in turn rendered judgment in favor of eight of the complainants granting the following awards: Lorenzo Galindo, $220.40; Jesús Ayala, $46.80; Pedro Cruz, $114.40; Ramón Padilla Ríos, $97.02; José Pastrana, $185.60;

Ramón Marcón, $206.00; Alberto Illarraza, $145.60; and Eusebio Colón, $62.65, including costs. The defendant appealed to this court and the complainants thereupon filed this motion for dismissal.

The appellees maintain (1) that the jurisdictional amount to appeal to this court in cases originating in municipal courts is the amount adjudged, but that in this case the amount adjudged individually was less than $300, and therefore the amounts granted in the judgment should be considered separately and not as a whole, and (2) that, inasmuch as none of the awards amounts to $300, the appeal should be dismissed for lack of jurisdiction.

■ It is not true that our appellate jurisdiction in cases originating in municipal courts is limited exclusively to those where the amount of the judgment appealed from exceeds $300. Section 295 of the Code of Civil Procedure provides that:

"An appeal may be taken to the Supreme Court from a District Court:

"1.     *      *      *      *      *      *      *

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, *should the value of the property claimed or amount of the judgment* not including products and interest thereon exceed three hundred dollars ($300)." (Italics ours.)

Since 1913, in *Nadal* v. *American Railroad Company of P. R.,* 19 P.R.R. 1024, upon construing said Section it has been held:

"In order to give effect to the language of the statute, we should construe it in the sense that in determining the jurisdiction of this court in cases of appeals from judgments of district courts in appeals from municipal courts, the amount claimed in the complaint should govern when that amount is the subject-matter of the appeal, and the amount of the judgment should govern when that and not the amount claimed in the complaint is the subject-matter of the appeal."

The doctrine established in that case was ratified in *Gutiérrez* v. *Díaz*, 20 P.R.R. 252, 253; *Espinosa* v. *P. R. Telephone Co.*, 40 P.R.R. 496; *Arzuaga* v. *Muñoz*, 55 P.R.R. 101, and *Filardi Hermanos* v. *Arbona*, 59 P.R.R. 560.

According to these decisions, the question to be decided in this appeal is the determination of the amount of the judgment from which defendant Martell appeals, that is, if the jurisdictional amount should be based on the total amount of the awards granted to appellees or on the amount granted to each individually.

The question is a novel one in this jurisdiction. We have before us a case brought under a special act which expressly provides for the joinder of different claims for wages in one complaint.[1]

That right was granted to the workmen and employees in order to shorten and facilitate the proceedings in a claim for wages. Does this mean that the awards made individually to each workman should be likewise aggregated in order to make up the jurisdictional amount to appeal? The answer should be in the negative.[2]

The general rule prevailing in the decisions is set forth in 2 Am. Jur. 884, in the sense that "the joinder in one suit of several plaintiffs or defendants who might have sued or been sued in separate actions does not enlarge the appellate jurisdiction. The claims of each are regarded as separate

---

[1] The second paragraph of § 1 of said statute (Act No. 10 of November 14, 1917, as subsequently amended) provides that:

"The complaint may include the claims of all such workmen or employees of the same employer as failed to receive their wages due on the same work; . . ."

[2] Even Rule 20(*a*) of the Rules of Civil Procedure, which provides *ab initio* that "All persons *may join in one action as plaintiffs* if they assert any right to relief jointly, severally, or in the alternative *in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.* . . ." (Italics ours), has been construed as simply a procedural rule the sole purpose of which is to remove the procedural obstacles of the common law, and without having any effect on the substantive rights of the parties, *Lansburgh & Bro.* v. *Clark*, 127 F. (2d) 331.

and distinct suits and cannot be united or aggregated for the purpose of giving a court jurisdiction on appeal or error proceedings. If the amount involved as to one of the parties is not large enough to confer jurisdiction, the review proceeding will be dismissed as to that one." The rule was applied by the Supreme Court of the United States in *Seaver* v. *Bigelows,* 5 Wall 208 (1867), wherein it was stated: "Hence, to sustain an appeal in this class of cases, where separate and distinct interests are in dispute, of an amount less than the statute requires, and where the joinder of parties is permitted by the mere indulgence of the court, for its convenience, and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law." [3]

The rule was applied in a claim for wages in *Miller* v. *Carlisle,* 59 Pac. 785, wherein five plaintiffs united in one action to enforce their several alleged liens for labor done by them respectively. The demand of each plaintiff was set forth in a separate count of the complaint, and although the total amount was $1,100, the sum claimed in each demand was less than $300. A special act allowed the joining of actions and provided that "any number of persons claiming liens may join in the same action, and when separate actions are commenced the court may consolidate them." The lower court rendered judgment dismissing the claim of liens but decided that the defendants owed a certain amount to the plaintiffs. Defendants appealed to the Supreme Court of California, whose appellant jurisdiction at that time did not

---

[3] See also *Winrod* v. *Wolters,* 74 P. 1037, 1038; *Wallins Creek Collieries Co.* v. *Marshall,* 290 S. W. 519, 520; *Troy Bank* v. *Whitehead & Co.,* 222 U. S. 39; *Clark* v. *Paul Gray, Inc.,* 306 U. S. 583, 589; *Thomson* v. *Gaskill,* 315 U. S. 442, 446–7; *Bolling* v. *Old Dominion Power Co., Inc.,* 25 S. E. (2d) 266, 268 (1943); *Blanken* v. *Braslow,* 33 A. (2d) 742 (1943); *Division 525, Order of Ry. Conductors of America* v. *Gorman,* 133 F. (2d) 273; *Sturgeon* v. *Great Lakes Steel Corporation,* 143 F. (2d) 819, 821 (1944); Monograph in 72 A. L. R. 193, "Criterion of jurisdictional amount where several claimants are interested"; 26 California Law Review 463. Cf. Note (21) *Avellanet* v. *P. R. Express Co.,* 64 P.R.R. 660.

cover cases of less than $300. The court held in part that where there is no evidence of a joint debt, and where their liens are defeated, the judgment entered would be several in favor of each plaintiff, inasmuch as the demands could not be aggregated to give the court jurisdiction where each separate claim falls below the amount required by the State Constitution.

A case similar to the one at bar was *Wallins Creek Collieries Co.* v. *Marshall,* 290 S. W. 519, where several plaintiffs claimed wages and prayed for separate judgments for the amount due each one and also for the aggregate amount. The court entered no judgment for the aggregate amount but entered separate judgments for each plaintiff for an amount less than $500, due each under the labor contract. The defendant appealed and the plaintiffs filed a motion for dismissal. According to the statute in force, the jurisdictional amount for appeal to the Court of Appeals of Kentucky must exceed $500, unless said court expressly granted an appeal if the value of the amount in controversy, exclusive of interest and costs, should be as much as $200. In sustaining the motion for dismissal the court said:

"It is obvious that each of the suits is one by a number of plaintiffs asserting separate claims coming to them because of a breach by the same defendant of a contract made for their several benefits, and equally obvious that the trial court so treated it.

"It is clear, therefore, that neither of the plaintiffs has any interest in any separate judgment entered for the benefit of any other plaintiff, for if any plaintiff desired to enforce the separate judgment in his behalf he would be entitled to an execution only for the amount of that judgment, and not to an execution upon any of the other judgments entered separately for the benefit of the other plaintiffs.

"* * * * * * *

"It has many times been written by this court that separate and distinct claims of different parties against one defendant cannot be added together, so as to give this court jurisdiction on appeal. Clearly, therefore, if the lower court had dismissed the

petition of the plaintiffs in these two actions, who had asserted numerous amounts coming to them, severally, there being no single plaintiff whose claim had amounted to $500 or more, no one of them would have had a right to prosecute, as a matter of right, and appeal to this court; . . . obviously, the defendant, against whom those several judgments were entered, ought not to have that right." (P. 520.)

Likewise in the case at bar each one of the plaintiffs obtained judgment in his favor for an amount below $300. Upon executing the judgment each could only do so for the amount granted to him without taking into consideration the amounts granted to the others. Where judgment is entered for a certain amount for each plaintiff it operates as if eight complaints had been filed and eight separate judgments rendered. The joinder of several claims for wages, authorized by the special act in order to facilitate the proceedings for the litigants as well as for the court, where the claimant workmen worked for the same employer in one common enterprise, should not have the effect of changing the jurisdictional amount of this court. Since the amounts adjuged in these cases were less than $300 in each case, the dismissal of the appeal lies for lack of jurisdiction.