## INTERSTATE ACCEPTANCE CORP. v. ROSENBLATT.

Court of Appeals of Kentucky.

Dec. 14, 1951.

————◆————

Thomas C. Mapother, Jr., William L. Mix and Elmer Morgan, Louisville, for appellant.

Simeon Jacobs, Lawrence S. Grauman, Louisville, for appellee.

MORRIS, Special Commissioner.

In September 1949 appellant recovered judgment for $1,409.39 against Nathan Rosenblatt. An appeal was granted on November 9, 1949. Prior to that date, on October 19, Rosenblatt executed an appeal bond, with appellee as surety. On May 26, 1950, this court dismissed his appeal because the transcript had not been perfected and filed in due time. The appeal was dismissed without damages. Thereafter appellant filed its petition against ap-

pellee, alleging the foregoing facts, and sought judgment on the bond. It was alleged that on the same day the bond was executed the clerk issued a stay of judgment order, and because of that order appellant was prevented from having execution on its judgment.

Appellee's demurrer to the petition was overruled and she answered. Her pleading did not deny the allegations of the petition. It plead in avoidance that the bond was void because at the time of its execution no appeal had been granted. Appellant's demurrer to the answer was overruled. Appellant declined to plead further and the petition was dismissed, with exception and appeal granted.

At the outset we may say that we have examined the transcript in the Nathan Rosenblatt appeal, and it is apparent that it was dismissed without damages because the court concluded that the bond was not a good statutory bond.

It is the contention of appellee that the court was correct in overruling appellant's demurrer and dismissing the petition, because the bond was void as a statutory bond, and appellant cannot recover on the ground that it is enforceable as a common-law obligation. In support of the contention appellee cites Turner v. Wickliffe, 146 Ky. 776, 143 S.W. 406; Louisville & N. R. R. Co. v. Smith's Adm'r, 178 Ky. 681, 199 S.W. 805; Philips, et al. v. Robinson, 225 Ky. 682, 9 S.W.2d 995, and Wermeling v. Wermeling, 224 Ky. 107, 5 S.W.2d 893.

A reading of these cases will show we held that no recovery could be had, because in each case the bond, for reasons stated, was a defective statutory bond. There was no discussion as to whether the bond might have been held valid as a common-law obligation.

Counsel for appellant contends that although the bond here is void as a statutory one, it is enforceable as a common-law undertaking, citing cases in which we have held bonds void on their faces to be void as common-law obligations. Exemplary are Stevenson v. Miller, 2 Litt. 306, 12 Ky. 306, an injunction bond; McChord v. Fisher's Heirs, 13 B.Mon. 193, 52 Ky. 193,

administrators bond; and as being in point here because dealing with appeal bonds, Stephens v. Miller, 80 Ky. 47, 3 Ky.Law Rep. 523, and Hardwick Woolen Mills v. Ball Brothers, 223 Ky. 185, 3 S.W.2d 175.

We find the two latter cases referred to with approval in Maryland Casualty Co. v. Marshall, 226 Ky. 62, 10 S.W.2d 485, upon which appellant mainly relies. At this point we may say that appellee undertakes to distinguish the Marshall case from the case at bar. However, we find, as will be later observed, that the only distinction lies in the fact that in this case the bond was accepted and supersedeas issued by the clerk without authority. In the Marshall case the clerk had no authority to accept the bond, because the trial court was without jurisdiction to grant appeal to this court. As we read the various opinions on this subject, it is apparent that for the first time this court in the Marshall case undertook to review the older opinions, and reached its conclusion not only upon authorities, which were found "conclusive," but "in deference to its earnest argument," re-examined "the question on principle."

Briefly the facts in the Maryland Casualty-Marshall case were that two employees of a coal mining company sued the company on a breach of contract. Marshall and his fellow employees engaged in mining in mine "A" had joined in one suit; Ward and fellow employees in mine "B" had joined in a separate action. A several judgment was entered in each of the suits, and the mining company undertook to prosecute appeals to this court on the trial court's order granting appeal, executing supersedeas bonds, the Maryland Casualty Company signing as surety. Wallins Creek Collieries Co. v. Ward et al., 217 Ky. 647, 290 S.W. 519.

We dismissed those appeals because it appeared that although the judgments when added together were far in excess of $500, there was no judgment in either case in favor of any employee for as much as that sum. Thereafter the employees instituted suit on the bonds, recovered judgment and the surety appealed. On appeal the same contention was made as is made in the instant case, it being argued that since the trial court had no jurisdiction to grant appeals in the first suits, the clerk was without authority to accept supersedeas bonds.

We agreed with counsel's contention that the bonds were not good as statutory bonds, following Wermeling v. Wermeling, 224 Ky. 107, 5 S.W.2d 893. We wrote, "It does not follow, however, that, as these bonds * * * are not good as common-law obligations," [226 Ky. 62, 10 S.W.2d 486.] citing Cotton's Guardian v. Wolf, 14 Bush 238, 77 Ky. 238, in which we held that a bond, was enforceable as a common-law obligation, "if entered into voluntarily, for valid consideration and not repugnant to the letter of policy of the law." We continued: "Tested by these characteristics, the bonds involved in these cases were good common-law obligations. They were entered into voluntarily as the Collieries Company * * * and the [surety] had the option[s] of paying the judgments * * *, of permitting their enforcement through the processes of the court, of taking the chance that the plaintiffs would not undertake to enforce them until this court had passed upon them, or of attempting to stay them by the execution of the bonds, and it chose the latter alternative."

We found the only "troublesome question concerning the validity of the bonds to be that of consideration." Appellants in the Marshall case had contended that since the bonds were not good as statutory bonds, they were ineffectual to stay execution, hence there was no consideration. We found this contention not to be in accord with Stephens v. Miller, 80 Ky. 47, 3 Ky.Law Rep. 523; Hardwick Woolen Mills v. Ball Brothers, 223 Ky. 185, 3 S.W. 2d 175, 176. In the latter case we held that the judgment creditor "had no executions issued on the judgments, and their forbearance constituted a good consideration."

In reasoning out the question on "principle," we devoted several pages to the matter of "consideration," and reached the following conclusion: "Thus we see that, on principle and under the cases which

the text-writers refer to as the better considered ones, (the Miller case and the Hardwick Woolen Mills case) were correctly decided, and the fact that the appellees did stay the executions on their judgments in reliance upon the undertaking of the obligors in the supersedeas bonds furnished the consideration necessary to make such undertaking a binding obligation upon such obligors." [226 Ky. 62, 10 S.W.2d 487.]

We think the well-reasoned opinion in the Marshall case is controlling. We find nothing advanced here which would permit us to run counter to the conclusions therein reached. It follows, therefore, that the judgment herein must be reversed, with directions to set aside the order overruling appellant's demurrer to the answer of appellee, and the order dismissing the petition and for consistent proceedings.

Judgment reversed.