## IOWA–DES MOINES NAT. BANK & TRUST CO. v. LOWDEN et al.

### No. 10343.

Circuit Court of Appeals, Eighth Circuit.

July 27, 1936.

Garfield E. Breese, of Mason City, Iowa (Breese & Cornwell, of Mason City, Iowa, on the brief), for appellant.

A. B. Howland, of Des Moines, Iowa (J. G. Gamble, of Des Moines, Iowa, and Marcus L. Bell, W. F. Dickinson, and Daniel Taylor, all of Chicago, Ill., on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

On June 19, 1933, and for several years prior thereto, the Iowa-Des Moines National Bank & Trust Company owned and held as investments $50,000 face value of the bonds of the Chicago, Rock Island & Pacific Railway Company, $25,000 face value of which were first and refunding gold bonds payable to bearer, due April 1, 1934, and $25,000 face value of which were 4½ per cent. secured series A bonds due September 1, 1952. The bank had purchased all of these bonds upon the open market at slightly less than par, and owned them on June 7, 1933. For many years prior to June 7, 1933, the Rock Island had carried an ordinary checking account with this bank. On June 7, 1933, the railway company filed a petition for reorganization under section 77 of the Bankruptcy Act, as added March 3, 1933, 47 Stat. 1474 (11 U.S.C., 1934 Ed., § 205) in the United States District Court for the Northern District of Illinois. The bank knew of the filing of this petition shortly after it was filed. At the time of the filing of the petition, the Rock Island had a credit balance of $38,881.82 in its checking account with the bank. Each day thereafter until June 20, 1933, it made substantial deposits in the bank. On June 9, 1933, the Rock Island drew a check for $50,000 against its account in the bank, which was paid by the bank on June 10, 1933. On June 19, 1933, the bank set off against the Rock Island bonds, $38,339.33, and charged that amount to the checking account. On June 20th it restored $10,120 of this set-off, making the net amount with which it debited the account, $28,219.33; this being slightly less than the smallest credit balance which existed in the account between June 7 and June 19, 1933. The bank used this amount to pay the $25,000 of first and refunding gold bonds of the Rock Island, with interest, and the balance remaining was applied upon the series A bonds.

After trustees were appointed for the estate of the Rock Island in November, 1933, they brought an action at law to recover from the bank the amount of the attempted set-off. The court below was of the opinion that the "first in, first out" rule applied, and that, at the time the set-off was attempted, there was no credit of the Rock Island in the bank which was subject to set-off. The bank has appealed.

The case is clearly ruled by our decision in Lowden et al., Trustees, v. Northwestern National Bank & Trust Company, 84 F.(2d) 847, filed this day.

The judgment is affirmed.