## IOWA–DES MOINES NAT. BANK & TRUST CO. v. LOWDEN et al.

### No. 10343.

Circuit Court of Appeals, Eighth Circuit.

Nov. 25, 1936.

Garfield E. Breese and Charles E. Cornwell, both of Mason City, Iowa, for appellant-petitioner.

A. B. Howland, of Des Moines, Iowa (Marcus L. Bell, W. F. Dickinson, and Daniel Taylor, all of Chicago, Ill., and J. G. Gamble, of Des Moines, Iowa, on the brief), for appellees-respondents.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

This case came on to be heard on November 21, 1936, upon the petition of the appellant for an order modifying the decree and mandate of this court so as to permit the reopening of the case in the court below with respect to the amount of interest which should be allowed upon the principal amount found to be due the appellees.

The facts out of which this controversy arose are stated in the opinion of this court

filed July 27, 1936, which is reported in 84 F.(2d) 856.

The Chicago, Rock Island & Pacific Railway Company filed its petition for reorganization under section 77 of the Bankruptcy Act (47 Stat. 1474) on June 7, 1933. At that time it had deposited in its checking account with the appellant bank $38,881.82. On June 19, 1933, the bank set off $38,339.33 of the railway company's deposit against certain bonds of the railway company which the bank owned. On June 20, 1933, it restored $10,120 of this set-off, making the net amount which it debited the railway company's account $28,219.33. In the suit by the trustees to recover this amount, the trustees prevailed and recovered judgment for the full amount sued for, with interest and costs. 10 F.Supp. 430. On appeal, this court affirmed. Mandate issued October 31, 1936.

The appellant bank now claims that the judgment should not provide for interest at the legal rate, but only at the rate which, under an arrangement between the bank and the railway company, the railway company was entitled to receive monthly upon average daily balances in its checking account.

Assuming, without deciding, that this court now has jurisdiction to modify its decree and mandate, we are of the opinion that the petition should be denied for the same reasons that are stated in the opinion which we have filed this day denying a similar application in the case of Lowden et al., Trustees, v. Northwestern National Bank & Trust Company of Minneapolis, Minnesota, 86 F.(2d) 376.

The agreement, if any existed, between the bank and the railway company for the payment of interest upon daily balances in the checking account did not relate to improper deductions made by the bank from the checking account; and the arrangement for the payment of interest terminated by notice from the bank to the railway company on June 16, 1933, the effective date of the National Banking Act of 1933 (48 Stat. 162), section 11 (b) of which (48 Stat. 181, see section 371a, tit. 12, U.S.C.A.) prohibits the payment by member banks of the Federal Reserve System of interest on demand deposits. This notice was given prior to the exercise by the bank of its claimed right of set-off.

The petition is denied.